BLODGETT ET AL. v. THE SIOUX CITY & ST. PAUL R'Y CO.

1. **Agency for Sale of Real Estate**: COMMISSIONS: FACTS NOT ENTITLING TO. Where plaintiffs entered into a contract to sell for defendant certain lands at and upon certain designated prices and terms, and afterwards they showed the lands to a third party, stating the prices at which they could be bought, and pointing out the advantages and profits which would accrue to a purchaser, but the third party entered into no negotiations with the plaintiffs, but resorted to the defendant, and began negotiations with it, which resulted in the sale to him of the whole list of lands at prices lower than those at which plaintiffs were authorized to sell, and defendant had no knowledge that the purchaser's attention had been called to the lands by plaintiffs, but, upon the opening of negotiations with the third party, it informed plaintiffs that the lands were, for the time being, withdrawn from sale through them, to await the result of such negotiations, *held* that plaintiffs could not recover under their contract a commission on the sale to such third party, because they had not found a purchaser on the terms named in the contract, and de-defendant did not accept what they did as performance—not knowing, until long afterwards, that they had done anything which tended to bring about the sale to the third party. (For authorities relating to commissions of land-agents, see opinion.)

*Appeal from Woodbury Circuit Court.*

THURSDAY, JUNE 5.

THIS is an action for the recovery of commissions on the sale of certain lands belonging to defendant. There was a verdict and judgment for plaintiffs, and defendant appeals.

*J. H. Swan* and *R. J. Chase*, for appellant.

*I. S. Struble* and *Joy, Wright & Hudson*, for appellees.

REED, J.—The plaintiffs are real estate agents, doing business at LeMars. They allege in their petition that in April, 1880, defendant appointed them its agent to sell a large amount of land, which it then owned in Sioux and Plymouth counties; that the appointment was made by letter; and that, upon receiving said letter, they immediately informed defendant that they accepted the appointment, and at once advertised said lands for sale, and sought by personal solicitations to bring the same to the notice of persons who desired to purchase lands, and labored particularly to bring them to the attention of the firm of Close Bros. & Co., who were large purchasers of lands; that they caused the lands to be shown to said parties, and informed them of the price at which they could be bought, and pointed out to them the advantages and profits that would result from the purchase of them; that, immediately after this was done, said Close Bros. & Co. entered into a negotiation directly with defendant's land commissioner, which resulted in the purchase by them of seven thousand acres of said lands; and that it was by their exertions that said parties were induced to enter into said negotiations and make said purchase.

The defendant admits that it placed a list of its lands in said counties in plaintiffs' hands, and authorized them to make sales at the prices and on the terms specified in said list; but alleges that the lands which were afterwards sold to Close Bros. & Co. were subsequently withdrawn from market, and plaintiffs were advised of that fact, and that, at the time of that transaction, plaintiffs had no authority whatever to sell said lands. It denies that Close Bros. & Co. were induced by plaintiffs' efforts and solicitations to enter into the negotiations or to make the purchase, and alleges that it had no knowledge or information, when it entered into the contract with that firm, that plaintiffs had negotiated with them, and also alleges that the contract made with Close Bros. & Co. was one which plaintiffs never had any authority to negotiate. By the contract between the parties, plaintiffs were to receive as

commission twenty-five cents per acre on all sales for cash, and ten cents per acre on sales on time; and the prices and terms on which they were authorized to make sales were specified in the lists of lands which were placed in their hands.   The negotiation which resulted in the contract between Close Bros. & Co. and defendant began about the twelfth of May, 1880, and the contract was entered into on the first of June following.   The evidence given on the trial tended to show that, before this negotiation was begun, plaintiffs called the attention of members of the firm of Close Bros. & Co. to the lands which were afterwards included in the contract between defendant and that firm, and gave them information as to the prices at which said lands could be bought, and pointed out to them their advantages and desirableness, and, on one occasion, sent an employe of theirs with a member of the firm, and some of his friends, to show them a portion of said lands. · But it does not appear that there was ever any actual negotiations between the parties for the purchase and sale of any portion of the lands; nor does it appear that Close Bros. & Co. were willing to buy any portion of them at the prices or on the terms on which plaintiffs were authorized to sell them.   Defendant's land commissioner had no knowledge, when he made the contract with Close Bros. & Co., that plaintiffs had solicited them to make the purchase, or that they had shown them the lands, or that they had been instrumental in any way in bringing about the negotiation.   When the negotiation began, the land commissioner wrote plaintiffs, informing them that he had entered into negotiations with Close Bros & Co. for the sale of all of the lands; also withdrawing the lands from the market until it should be determined whether the parties would buy them; also informing them that, owing to the amount of the land involved in the transaction, he would make some concessions to the parties if they made the purchase; and, although this information was communicated to plaintiffs immediately after the negotiation began, they made no claim, until long after the sale was consummated, that Close Bros. & Co. were

customers of theirs, or that they had been instrumental in inducing them to enter into the negotiation. The lands were sold to Close Bros. & Co. at prices and on terms materially different from those on which plaintiffs were authorized to sell them. The defendant asked the court to give the following instructions to the jury:

" By the undisputed evidence in this case, it is shown that these lands were not sold upon the terms nor for the prices at which the plaintiffs were by their contract authorized to sell said lands, and you must find for the defendant.

" In order that the plaintiffs may recover in this action, the defendant must have had knowledge at the time the contract was made with Close Bros. & Co. that it was dealing with a customer procured for it by the plaintiffs."

The court refused to give these instructions, but told the jury that "if plaintiffs, by their efforts to sell the lands in question, procured Close Bros. & Co. to enter into negotiation with the defendant's officers, which negotiations finally resulted in a purchase of said lands by Close Bros. & Co. from defendant, they will be entitled to recover their commissions for such sale."

The holding of the circuit court, in effect, was, that plaintiffs were entitled to recover a commission on the sale, if by their efforts the purchaser was induced to enter into the negotiation which resulted in the purchase, and that their right in this respect would not be affected by the fact that defendant, when the negotiation began, without objection on their part, withdrew the land from the market during its pendency, and carried on the negotiation in ignorance of what had transpired between them and the purchaser, and finally made the sale on materially different terms from those on which plaintiffs had been authorized to sell. We think this holding is erroneous.

There is no doubt that an agent or broker who is employed to sell property at a designated price, and on stated terms, is entitled to his commission when he has found a customer who is able and willing to take the property at that price and

on those terms, whether the sale is consummated or not. *McGavock v. Woodlief,* 20 Howard, 221; *McArthur v. Slauson,* 53 Wis., 41.

It is also true that, where the undertaking of the agent is simply to find a purchaser, he will be entitled to compensation when he produces a customer who is ready and willing to buy and with whom the principal enters into negotiations which result in the purchase by him of the property. *Iselin v. Griffith,* 62 Iowa, 668; *Kimberly v. Henderson,* 29 Md., 512; *Jones v. Adler,* 34 Ind., 440; *Gillett v. Corwin,* 7 Kansas, 159.

But this case is not within either of these principles. Plaintiffs' employment was to sell the land. The allegation of their petition is that defendant appointed them its agents for the sale of the lands; and this allegation is admitted in effect by the answer; and the evidence shows that they were furnished a list of the lands, which stated the price and terms on which they were authorized to sell them. They were agents, then, for the sale of the lands at the prices and on the terms stated in the list. They do not claim, however, that they have procured a purchaser to take the lands at those prices or on those terms; nor do they claim that they are entitled to recover on that ground. Their claim is that they induced the purchaser to enter into the negotiation with defendant, which resulted in the sale of the property; and this is the ground on which the court held that they were entitled to recover. But they are clearly not entitled to recover on this ground on the theory that what they did was a performance of their undertaking when they accepted the agency; for, as we have seen, their contract was to sell the lands at the prices and on the terms designated in the list, and not merely to furnish a customer to whom defendant might sell them, if they were able to come to an agreement as to prices and terms. We think the difference between what plaintiffs contracted to do and what they claim to have done is very apparent and very material. If what they did do was accepted by defendant as

performance of their undertaking in the contract, they doubt-less would be entitled to the commissions provided for in the contract. This is the doctrine of *Stewart v. Mather*, 32 Wis., 344, cited by appellee. But there clearly would not be such acceptance, unless defendant knew, when it was negotiating with Close Bros. & Co., that it was dealing with a customer produced by plaintiffs.

We think, therefore, that, under the undisputed facts of the case, the instructions asked for by defendant should have been given; and for the error in refusing them the judgment is

REVERSED.