# Chewacla Lime Works *v.* Dismukes, Frierson & Co.

*Action for Price of Goods Sold and Delivered.*

1. *Variance in name of corporation; appeals from justice's court.*—In an action commenced in a justice's court, which, on appeal, is required to be tried *de novo*, according to equity and justice, without regard to any defect in the process or proceedings before the justice (Code, § 3405); the defendant corporation being sued by the name given by its amended charter, which also made it liable for all debts created by the corporation under its original name and charter; the cause of action, as indorsed on the justice's warrant, being an account for goods sold and delivered to it by its amended name, while the proof shows that the goods were sold and delivered to the corporation before its change of name,—there is no material variance.

2. *Private corporation; power to carry on mercantile business.*—A private corporation, authorized by its charter "to have, purchase, receive, possess and enjoy lands, rights, tenements, hereditaments, goods, chattels and effects, in any amount the body corporate may deem necessary to carry all the objects of said corporation into full force and effect; which objects are to mine lime rock and manufacture the same, to keep up and run such machinery as may be necessary to saw lumber and make barrels for the packing of said lime, and the same to sell, devise, grant, alien, and dispose of"—has no implied or incidental power to carry on a general mercantile business.

3. *Estoppel against corporation; contract ultra vires.*—Under the decisions of this court, a corporation which has received the benefits of a contract *ultra vires*, is not thereby estopped from setting up the invalidity of the contract, in defense of a suit to enforce it.

APPEAL from the Circuit Court of Lee.

Tried before the Hon. JESSE M. CARMICHAEL.

This action was brought by the appellees, suing as partners, against the appellant, a private corporation; and was commenced before a justice of the peace on the 5th of January, 1884. The cause of action, as indorsed on the justice's warrant, was, "$80, due June 22, 1882, for goods, wares and merchandise sold by plaintiffs to defendant on the 22d of February, 1882, with the interest thereon." On appeal to the Circuit Court, the defendant filed two pleas: the first alleging that the defendant never bought the goods, nor promised or assumed in any manner to pay for them; and the second, that the goods were bought by the Chewacla Lime Company, without authority of law; that the contract was *ultra vires*, and not binding on the defendant as the successor of said Chewacla Lime Company. Issue was

joined on both of these pleas. On the trial, as the bill of exceptions shows, the plaintiffs proved the sale of the goods to the Chewacla Lime Company, and their value; and the defendant, after introducing the original act incorporating the Chewacla Lime Company, and the amendatory act changing its name, proved that said corporation, at the time of the sale of the goods, "was keeping a store and carrying on a mercantile business, and bought said goods for the purpose of selling the same at a profit, as other merchants do." The original act of incorporation was approved on the 9th December, 1862, and the amendatory act on the 15th February, 1883. The material parts of each are copied in the opinion of this court. This being all the evidence, the court charged the jury, on request, that they must find for the plaintiff, if they believed the evidence. The defendant excepted to this charge, and it is here assigned as error.

HARRISON & LIGON, for appellant, cited *Savings Bank v. Dunklin*, 45 Ala. 471; *Chambers v. Falkner*, 65 Ala. 448; *City Council v. Plank-road Co.*, 31 Ala. 76; *Grand Lodge v. Waddell*, 36 Ala. 313; *Smith v. Life Ins. and Trust Co.*, 4 Ala. 558; *Central R. R. and B. Co. v. Smith*, 76 Ala. 572.

JOHN M. CHILTON, *contra*, cited *Spence v. Shapard*, 57 Ala. 598; Green's Brice's *Ultra Vires*, 65, notes.

CLOPTON, J.—By an act of the General Assembly, amending the act "to incorporate the Chewacla Lime Company," the name of the corporation was changed to the "Chewacla Lime Works." The fifth section of the amendatory act provides: "That the said Chewacla Lime Works shall succeed, and does hereby succeed, to all the rights, privileges and immunities, and franchises and property, that was of and belonging to the said Chewacla Lime Company, and shall be subject to all liabilities and charges legitimately due from the said Chewacla Lime Company."—Acts 1882-3, p. 369.

This action was commenced in a justice's court, and was brought by appellees to recover the price of goods, which the indorsement on the summons avers were sold to the Chewacla Lime Works, by which name the corporation is sued; while the evidence shows that the goods were sold to the Chewacla Lime Company, before the amendment of the charter. On appeals from judgments of justices of the

peace, the cause "must be tried *de novo*, and according to equity and justice, without regard to any defect in the summons or other process, or proceedings before the justice." Code, 1886, § 3405. The corporation, notwithstanding the change of name, is one and the same entity. The averments of the statement of the cause of action might have been more formal, but there is no substantial variance between them and the proof.

It clearly appears that, at the time of the sale and delivery of the goods, the corporation was engaged in carrying on a general mercantile business, for which purpose they were bought. The material ground on which the defendant resists a recovery is, that the Chewacla Lime Company had no authority to engage in such business, and that the contract of purchase is *ultra vires*. The question raised involves the application of only a few principles of law, which may be regarded elementary. As corporations derive their existence and capacity from a special statute, or a general law empowering them to organize, they can not exercise any power, or act in any capacity, not authorized by the act of incorporation, or the general law. A corporation has no implied authority to engage in any business other than the particular enterprise for which it is chartered, or to do any act, or make any contract, not in pursuance of the purposes for which it was created. Authority to carry on a particular business, includes authority to conduct it in the usual and customary modes. Within the scope and purview of the chartered powers, the business, for which the corporation was chartered may be conducted in the same manner as individuals would conduct the same enterprise under similar circumstances. But any transaction or contract beyond this, not necessary or proper to enable the corporation to answer the purposes of its creation, is void.

The grant of powers conferred on the Chewacla Lime Company by the original act of incorporation, on which plaintiffs base the authority, is in the following language: "Shall be, and are hereby, made able and capable in law to have, purchase, receive, possess and enjoy, and realize to them and their successors, lands, rights, tenements, hereditaments, goods, chattels and effects, in any amount the body corporate may deem necessary to carry all the objects of said corporation into full force and effect, which objects are, to mine lime-rock, and manufacture the same; and to keep up and run such machinery as may be necessary to saw lumber

[Chewacla Lime Works v. Dismukes, Frierson & Co.]

and make barrels for the packing of said lime, and the same to sell, devise, grant, alien and dispose of."—Acts, 1862, p. 127. It is manifest that the act of incorporation grants no express authority to engage in a general mercantile business. Is there implied authority? The declared objects of the corporation are the mining and manufacture of lime-rock, and putting the product in a marketable condition. These purposes constitute limitations upon the exercise of the express and implied powers. There may be circumstances under which a manufacturing company would have implied authority to connect a *supply store*, with the business of the corporation, as being ancillary thereto. In such case, the real and primary object must be auxiliary to the main enterprise of the corporation, for the purpose of providing supplies for the employees and laborers, founded on necessity arising from situation and condition. No circumstances are shown which bring the present case within this exception. A general mercantile business does not pertain to the purposes of mining and manufacturing lime-rock. They are separate and distinct in their nature and objects. A coal mining company has no implied authority to buy coals in the market, for the purpose of re-sale as a speculation. *Alexander v. Caldwell*, 83 N. Y. 480. A corporation authorized and organized to manufacture lime, can not buy lime manufactured elsewhere for the purpose of trade, in order to raise funds to carry on the corporate business. As well might such corporation engage in any other distinct business as that of merchandizing, because it may be deemed profitable, and will thus contribute, indirectly, to promote the objects of the corporation. A general mercantile business, being a distinct branch of business, the Chewacla Lime Company had no authority, express or implied, to engage in carrying on the same.

The established rule in this State is, that a corporation is not estopped, by reason of having received the benefits of a contract which is *ultra vires*, from setting up its invalidity in defense of a suit brought to enforce it.—*Sherwood v. Alvis*, 83 Ala. 115; s. c., 3 Amer. St. Rep. 695.

The Circuit Court erred in giving the affirmative charge in favor of the plaintiffs.

Reversed and remanded.