# Simmons *v.* Troy Iron Works.

### *Action for Breach of Special Contract.*

1. *Powers of corporation.*—A corporation organized under the general statutes, for the purpose of "manufacturing, repairing, buying, selling and operating machinery of all kinds, and all such other business pertaining or belonging to machine-shops or foundries" (Code, §§ 1557–64), has no power, express or implied, to engage in the business of manufacturing, buying or selling ice.

APPEAL from the Circuit Court of Pike.

Tried before the Hon. JOHN P. HUBBARD.

This action was brought by C. Simmons, the appellant, against the Troy Iron Works, a private corporation organized under the general statutes; and sought to recover damages for the breach of a contract, by which defendant undertook to furnish the plaintiff a certain quantity of ice for a year at a specified price. The defendant pleaded the general issue, and that the alleged contract was *ultra vires;* and issue was joined on these pleas. Under the rulings of the court on the trial, the defendant had a verdict and judgment; and these rulings, to which the plaintiff excepted, are now assigned as error.

S. H. DENT, Jr., and W. L. PARKS, for appellant.

CLOPTON, J.—Appellee was incorporated under sections 1557 to 1564, inclusive, of the Code, providing the mode in which persons, associating for the purpose of mining, quarrying or manufacturing, may form themselves into a corporation. The statute confers on such corporations power " to carry on the business or accomplish the purposes expressed in the

[Pelican Insurance Co. v. Smith.]

declaration." The business to be carried on and the purposes to be accomplished, as expressed in the declaration, are, "the manufacturing, repairing, buying, selling and operating machinery of all kinds, and all such other business pertaining or belonging to machine-shops or foundries."

The contract, upon which appellant sues, is for the sale and shipment of ice weekly, in certain quantity, at an agreed price, provided only one car load should be ordered each week, and providential occurrences and breaks in the machinery excepted. Defendant has no authority to carry on any business, or exercise any power not authorized by law, and not necessary to carry into effect the purposes of its organization. The business and purposes expressed in the declaration are in the nature of limitations upon the powers of the corporation. It is too plain for argument, that no express authority to engage in the business of manufacturing or buying and selling ice is conferred by the law, and equally manifest that it is not necessary or proper to enable the corporation to answer the purposes of its creation. The manufacture of ice is as foreign to the objects and purposes expressed in the declaration, as any kind of business can well be. The contract is *ultra vires*. *Chewacla Lime Works v. Dismukes*, 87 Ala. 344. The plaintiff can not recover in any event. In such case, consideration of the various rulings of the court becomes unnecessary.

Affirmed.