M. J. COLLINS, Appellant, v. RICHARD PADDEN, Appellee.

<div style="float:right">120 381<br>139 305</div>

Agency:  SALE OF LAND: RIGHT TO COMMISSIONS.  Where a real
  estate broker contracts with his principal to find a purchaser
  for his farm at a stated price for an agreed commission and
  performs his part of the contract, the fact that the principal
  reserves the right to prescribe the terms of sale when a pur-
  chaser is found will not defeat the agent's right to his com-
  missions.

*Appeal from Pocahontas District Court.*—HON. A. D.
BAILIE, Judge.

THURSDAY, MAY 14, 1903.

ACTION by plaintiff, a real estate agent, to recover
commissions claimed to be due him from defendant on
account of an alleged real estate transaction.  The facts
necessary to be considered are stated in the opinion.  A
jury was impaneled, and at the close of the evidence for
plaintiff the court, on motion, directed a verdict in favor
of defendant, and entered judgment against plaintiff for
costs.  Plaintiff appeals.—*Reversed.*

*W. J. Collins* and *Kenyon & O'Connor* for appellant.

*Healy Bros. & Kelleher* for appellee.

BISHOP, C. J.—In the petition it is alleged that an oral
agreement was entered into between plaintiff, a real estate
dealer, and defendant, the owner of an eighty acre farm
in Webster county, whereby plaintiff was to find a pur-
chaser for such farm, and for his services in that behalf
was to have a sum representing the excess in selling price
over and above $47 per acre.  It is further stated that the
terms in respect of payment of the purchase price upon
which defendant would sell were not definitely stated or

agreed upon, but that it was said by defendant, in sub-
stance, that a cash payment of $500 or $1,000—the balance
to be secured by a mortgage on the farm, and to draw
interest at six per cent.—would be satisfactory. It is
then alleged that a purchaser was found by plaintiff, who
was able, ready, and willing to buy, but that defendant
refused to complete the sale, and has refused to pay plain-
tiff for his services. The evidence introduced by plaintiff
tends to prove that he found in one Voight a person will-
ing to purchase the lands at the price of $50 per acre; that
plaintiff brought said Voight and defendant together, and
that terms of sale were readily agreed upon between them
(that is, that said Voight should pay in cash the sum of
$500, and all the balance of the purchase money in the
month of January following). It is made to appear that
thereafter defendant refused to execute the papers and
carry out the deal, no other reason appearing than that
plaintiff demanded payment of the full commission agreed
upon as alleged by him.

We have repeatedly held that where an agent is em-
ployed to make a sale of real estate, his right to compen-
sation is fixed when he has furnished a customer who is
able, ready, and willing to purchase on the terms prescribed
by the owner of the property. *Ford v. Easley*, 88 Iowa,
605; *Blodgett v. Railway*, 63 Iowa, 609. To entitle the
agent to recover, it is not necessary that he show that a
sale was consummated. In this case it is contended by
appellee—and such seems to have been the thought of the
trial court—that no recovery can be had for the reason
that by the agreement between plaintiff and defendant the
terms of sale were not definitely stated, and, defendant
having reserved the right to dictate terms in case a pur-
chaser should be found, he might lawfully refuse to sell
altogether, in which event no commission could be claimed.
With this contention, as a whole, we cannot agree. What
was to be the rate or amount of commission paid in case a

competent and satisfactory purchaser was found, appears in the record without dispute. Now, granting that the terms under which defendant might consent to sell were not definitely settled or agreed upon, still, if plaintiff found and introduced to him a purchaser who proved to be satisfactory, and terms fully as favorable as any defendant had ever suggested he would require were readily agreed upon, we see no good reason why it should not be said that thereupon plaintiff became entitled to his compensation. As far as appears, the only reason assigned by defendant for refusing to make the sale was because plaintiff would not consent to accept $100 for his services in lieu of the amount agreed upon as alleged. The good faith and character of the proposed purchaser are not assailed, nor the transaction otherwise questioned. Under the circumstances presented, we think that defendant could not avoid liability to his agent by simply refusing to sell for the reason stated, and accordingly that the trial court erred in sustaining the motion for a verdict. In reaching this conclusion, we have given plaintiff the benefit of the most favorable construction of the evidence reasonably possible, and this in accordance with the well-known rule applicable to such cases.

The judgment is reversed and cause remanded for a new trial.—REVERSED.