(76 South. 980)

ALABAMA RED CEDAR CO. v. TENNESSEE VALLEY BANK. (8 Div. 986.)

(Supreme Court of Alabama. Nov. 29, 1917.)

1. CORPORATIONS ⬤⟹386, 388(1) — ULTRA VIRES CONTRACT — ESTOPPEL AND RATIFICATION.

There can be no estoppel to resist a contract beyond the power of a corporation, and no ratification of such a contract by it.

2. BANKS AND BANKING ⬤⟹90 — CHARTER POWERS — CAPACITY TO INSURE PROPERTY AGAINST LOSS BY FIRE.

A bank's charter power "to act as agent for fire insurance companies, associations, or corporations" did not comprehend the capacity to insure property against loss by fire or to indemnify owners of property against such loss.

3. CORPORATIONS ⬤⟹370(1), 385—ULTRA VIRES CONTRACTS—CONSTITUTION.

Powers not expressly granted to a corporation, or powers not necessarily incidental to those expressly granted, are without the corporation's power, and acts or contracts of or for the corporation outside of the powers thus granted are ultra vires and void under Const. 1901, § 233.

4. INSURANCE ⬤⟹104—CONTRACT TO PROCURE INSURANCE—BREACH—DAMAGES.

A contract for valuable consideration to secure valid insurance for a year of plaintiff's property against loss by fire could be performed only by defendant's activity and service in procuring a policy or policies in the amount and for the period stipulated; breach of the promise would occur if defendant could not or did not procure issuance of the insurance contemplated; and on loss by fire the measure of defendant's liability would be the amount plaintiff would have been paid if valid insurance had been effected.

5. BANKS AND BANKING ⬤⟹90—ULTRA VIRES CONTRACT—CONTRACT TO SECURE INSURANCE.

Where its charter gave a bank power "to act as agent for fire insurance companies, associations, or corporations," its contract for valuable consideration to secure valid insurance for a year in a certain amount of plaintiff's property against loss by fire was ultra vires and void.

6. APPEAL AND ERROR ⬤⟹1029 — HARMLESS ERROR—EFFECT OF RIGHT TO AFFIRMATIVE CHARGE.

Where the general affirmative charge was due defendant, errors on trial were harmless to plaintiff.

Appeal from Circuit Court, Madison County; B. M. Miller, Judge.

Action by the Alabama Red Cedar Company against the Tennessee Valley Bank. From a judgment for defendant, plaintiff appeals. Affirmed.

Cooper & Cooper, of Huntsville, for appellant. Spragins & Speake, of Huntsville, for appellee.

McCLELLAN, J. The plaintiff, appellant, suffered a loss of its property by fire. Its action is for damages against the appellee; and its claim is set forth in five counts. The jury's verdict was for the defendant. The legal effect of the counts is necessary to be stated. Counts 1 and 2 declared upon a contract of insurance against fire, in and by which the defendant engaged to indemnify and make whole the plaintiff from pecuniary loss so caused. Counts 3, 4, and 5 declare upon the breach of a contract whereby the defendant engaged with the plaintiff, for a consideration of $350, to secure for the plaintiff valid insurance for a period of one year from June 28, 1913, in the sum of $7,000, indemnifying it against loss by fire. The defendant's demurrers were overruled. Since the defendant prevailed below, the sufficiency of the several counts against the grounds of demurrers interposed thereto is not considered. However, in order to avoid possible misunderstanding of conclusions later to be set down, it is proper to note that counts 3, 4, and 5, while declaring for the breach of a contract "to secure" valid fire insurance, in a certain sum, for a certain period, do not lay the breach in the failure or refusal of the defendant "to secure" the insurance, but, to a very different effect, avers in counts 4 and 5 that the defendant's fault was in its failure to pay plaintiff the money that represented plaintiff's loss by the destruction of its property by fire, if it had been insured.

To these counts, in addition to a general traverse and a broad denial of the making of the contract declared on, the defendant interposed three special pleas, numbers 3, 4, and 5, under this caption:

"The defendant, for plea and answer to each count of the complaint, says. * * *"

There was no demurrer to these pleas. The third plea set up that the defendant, a banking corporation, was without power to make the contract declared on. The fourth plea asserted substantially the same defense. The fifth plea read:

"The plaintiff accepted and received from E. B. Shoemaker, who was an insurance agent at Gurley, Ala., and with whom was made the agreement or contract, liability for which is

sought to be fastened on this defendant by the complaint, valid insurance for the amount claimed, issued by insurance companies represented by said Shoemaker as agent, and not issued by this defendant or any one by its authority, and the same was so received and accepted by the plaintiff in full compliance with the alleged agreement set up in the complaint."

[1] There was no special replication to any of these pleas. At this point it is well to note that there can be no estoppel to resist a contract beyond the power of the corporation, and no ratification of such a contract. Westinghouse Mach. Co. v. Wilkinson, 79 Ala. 312; Chewacla Lime Works v. Dismukes, 87 Ala. 344, 6 South. 122, 5 L. R. A. 100; A. G. S. R. R. Co. v. Loveman, 196 Ala. 683, 72 South. 311.

[2] The charter of the defendant (a banking corporation), offered in evidence, authorized it "to act as agent for fire insurance companies, associations, or corporations." That clause was the only power or authority the appellee had with respect to insurance. It is clear that this power or authority did not comprehend the capacity to insure property against loss by fire or to indemnify owners of property against loss thereof by fire. Pleas 3 and 4 were addressed to each count of the complaint; and, since counts 1 and 2 declared on a contract of insurance made by the defendant in favor of the plaintiff, these pleas were conclusively established, and, in consequence, the defendant was entitled to the general affirmative charge as to counts 1 and 2. As has been indicated, these pleas (3 and 4) were also addressed to the other counts, viz. 3, 4, and 5. With probably undeserved favor to the appellant (plaintiff) and for the occasion only, these pleas will be treated as being colored in averment and restricted in effect to a denial of corporate power or authority on the part of the defendant to make the particular contract alleged in counts 3, 4, and 5.

[3, 4] Powers not expressly granted to a corporation, or powers not necessarily incidental to those expressly granted thereto, are without the power of the corporation; and acts or contracts of or for the corporation outside of the powers thus granted are ultra vires and void. Const. 1901, § 233; A. G. S. R. R. Co. v. Loveman, 196 Ala. 683, 72 South. 311, 313, 314, among others of a long line of the decisions of this court. The contract described in counts 3, 4, and 5 is, in substance and legal effect, this: That for a valuable consideration the defendant promised to secure valid insurance for one year, in a certain amount, of plaintiff's property against loss by fire. This promise could only be performed by the defendant's activity and service in procuring a policy or policies of fire insurance in the amount and for the period stipulated. A breach of this promise would intervene if the defendant could not or did not procure the issuance of the insurance contemplated; and, a loss by fire occurring, the measure of liability would be the amount the plaintiff would have been said if valid insurance had been effected. Now, the power and authority granted to this corporation with respect to fire insurance was to "act as agent" for fire insurance companies or associations. This power contemplated an agency for a principal. This authority only intended acts of representation; a relation of agency, for a fire insurance concern as principal, in making fire insurance contracts. The contract described in counts 3, 4, and 5 contemplated, and in fact expressed, an original engagement, devoid of the restrictions of agency, by the defendant to provide fire insurance of the kind defined in these counts. The difference between the stated power prescribed in its charter in this regard and the contract described in counts 3, 4, and 5 is marked and manifestly important. The state was willing to confer on this banking concern corporate power to "act as agent" for fire insurance companies, realizing, doubtless, that such power and service would be subject to the limitations that ordinarily circumscribe an agent who acts, not for himself, but for and in behalf of a principal. This grant of the state to the defendant, comprehending and contemplating only (in this respect) the plainly defined power to "act as agent," would be manifestly perverted if it should be construed as empowering the corporation to assume, even for a valuable consideration, the burden of an original obligation to provide insurance against loss by fire. The power conferred by the charter is to "act as agent" for fire insurance companies; and the act (the contract) described in counts 3, 4, and 5 intended that the corporation should itself promise, assure, the issuance to the plaintiff of valid fire insurance, thus seeking to impose on the corporation an obligation as principal; whereas its authority is to represent another in the assumption of such a burden.

[5] It results that the contract described in counts 3, 4, and 5 were ultra vires the corporation, and, in consequence, that pleas 3 and 4, so asserting, were conclusively proven, and the plaintiff shown not to be entitled to recover, and further entitling the defendant to the general affirmative charge.

[6] Being due the general affirmative charge, errors, if any, of the character noted in the assignments of error, were without injury to the plaintiff. Bienville Water Co. v. Mobile, 125 Ala. 178, 184, 27 South. 781; Adams v. Corona Coal Co., 183 Ala. 127, 131, 62 South. 536, and decisions cited therein.

No prejudicial error appearing, the judgment must be affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE, J., concur. GARDNER, J., concurs in the conclusion only.