**FORSYTH v. ALABAMA CITY, G. & A. RY. CO. et al.   (7 Div. 257.)**

(Supreme Court of Alabama.   April 6, 1922. Rehearing Denied May 11, 1922.)

**Corporations ⬳442—Conveyance of property and franchise held "sale," authorized by statute.**

Where a railway company conveyed to another corporation all its property, franchise,

etc., in consideration of a fixed amount, par value, first mortgage 5 per cent. bonds of a third corporation and the assumption by the grantee of a fixed amount of outstanding bonds previously issued by grantor, and another indebtedness of grantor, the value of the property being measured in money terms, the transaction constituted a "sale," and not an exchange or barter, and, being authorized by Acts 1911, p. 564, allowing the sale of the entire property of a corporation, when authorized by two-thirds of the directors and ratified by the holders of four-fifths in value of the stock, was not ultra vires.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second ·Series, Sale.]

Appeal from Circuit Court, Etowah County; Woodson J. Martin, Judge.

Bill by Arthur R. Forsyth, a stockholder in the Alabama City, Gadsden & Attalla Railway Company and the Gadsden Railway Company, against said companies, the Gadsden Railway Light & Power Company, the Alabama Power Company, and the Gadsden Ice & Coal Company, to set aside conveyances made by the two companies first above named, and for appointment of receiver. From a decree sustaining demurrers to the bill, complainant appeals. Affirmed.

Miller & Graham, of Birmingham, for appellant.

A solvent corporation cannot, without the consent of all its stockholders, barter or exchange all of its property to another corporation for other property, and thereby incapacitate itself from continuing business for which it was organized. . 113 Ala. 177, 20 South. 981, 59 Am. St. Rep. 105; 125 Ala. 263, 28 South. 513; 154 Ala. 403, 45 South. 589. Acts 1911, p. 564, provides that the entire property of a private corporation may be· sold, when authorized as required therein, but does not authorize the barter or exchange of its entire property for other property. Authorities cited above, and 6 Fletcher's Cyc. Corp. 4017; 228 Pa. 648, 77 South. 1016, 139 Am. St. Rep. 1024; 21 Mont. 544, 55 Pac. 229, 353; 66 Ala. 10; 49 U. S. (8 How.) 495, 12 L. Ed. 1170; 91 Ala. 92, 8 South. 874; 81 Ala. 435, 2 South. 84; 140 U. S. 247, 11 Sup. Ct. 784, 35 L. Ed. 478; 31 Cyc. 1079; 35 Cyc. 25; 1 Devlin on Deeds, §§ 370–373. Sale distinguished from barter. 91 Ala. 92, 8 South. 874; 7 Words and Phrases, 6292–6294; 228 Pa. 648, 77 South. 1016, 139 Am. St. Rep. 1024; 21 Mont. 544, 55 Pac. 229, 353; 30 Ala. 591; 36 Ala. 73, 76 Am. Dec. 318; 35 Cyc. 25; 18 Cyc. 322; 8 How. 544, 12 L. Ed. 1170; 37 Ark. 418; 47 Ark. 469, 2 South. 114; 16 Ga. 25.

Goodhue & Goodhue and Dortch, Allen & Dortch, all of Gadsden, and Chester A. Bingham, of Birmingham, for appellees.

---

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The entire property of a private corporation may be sold, when authorized by two-thirds of the board of directors and ratified by holders of four-fifths of capital stock of the corporation. Acts 1911, p. 564; 173 Ala. 259, 55 South. 607, 35 L. R. A. (N. S.) 396; 180 Mo. 1, 79 S. W. 155, 103 Am. St. Rep. 534; 76 N. H. 351, 82 Atl. 1014, L. R. A. 1917A, 1174, Ann. Cas. 1913A, 366; 160 Iowa, 629, 142 N. W. 434, 46 L. R. A. (N. S.) 290; 1 Morawetz, Priv. Corp. § 413; 2 Fletcher Cyc. Corp. 2158; 109 Fed. 101, 48 C. C. A. 254; 111 Va. 468, 69 S. E. 359, Ann. Cas. 1912A, 203; (D. C.) 216 Fed. 242; 54 Fed. 759, 4 C. C. A. 561; (C. C.) 122 Fed. 115; 63 N. J. Eq. 809, 53 Atl. 68. A sale means transfer of property for valuable consideration, whether there be a money payment or not, provided the bargain be made and the value measured in money terms. 146 Ala. 138, 41 South. 170; 30 Ala. 591; 36 Ala. 73, 76 Am. Dec. 318; 167 Ala. 101, 52 South. 893, 31 L. R. A. (N. S.) 517; 23 C. J. 185; 23 R. C. L. 1201; 7 Words & Phrases, 6294; 56 Mich. 436, 23 South. 67; 105 Ga. 676, 31 South. 585; 55 S. W. 968.

ANDERSON, C. J. This bill is filed to cancel or annul certain conveyances set out as exhibits to the bill of complaint, one of January 12, 1920, from the Alabama City, Gadsden & Attalla Railway Company to the Gadsden Railway, Light & Power Company (both corporations), conveying all of the property, franchise, etc., of the former to the latter; the consideration being $440,000, par value, first mortgage 5 per cent. bonds of the Alabama Traction, Light & Power Company, a third corporation, and the assumption by the grantee of the payment of $100,000 outstanding bonds previously issued by the grantor, and also the assumption of an indebtedness of $4,500 against the grantor, being due as part of the purchase money for the Ewing Springs lots." The other conveyance was from the Gadsden Railway Company to the Gadsden Railway, Light & Power Company of the property therein mentioned, the consideration being $42,000 bonds, par value, 5 per cent., of the Alabama Traction, Light & Power Company, a third corporation.

These conveyances not having been authorized or ratified by all of the stockholders, would not be binding upon this complainant under the cases of Elyton Land Co. v. Dowdell, 113 Ala. 177, 20 South. 981, 59 Am. St. Rep. 105, and Morris v. Elyton Land Co., 125 Ala. 265, 28 South. 513. Subsequent to these decisions the Legislature of 1911 (Acts 1911, p. 564) passed the following act:

"Section 1. Be it enacted by the Legislature of Alabama, that the entire property of a private corporation may be sold when authorized by a vote of two-thirds of the board of directors and subsequently ratified by a vote of the holders of four-fifths in value of the capital stock of such corporation at a stockholders' meeting called to consider the matter. Provided, that ten days' notice of such stockholders' meeting shall be given in writing prior thereto and that the purpose for which the meeting is called shall be stated in the notice."

The authorization and subsequent ratification of the transactions involved appear to conform to the act, but the appellant contends that the act authorizes only a sale of the property, as distinguished from a barter or an exchange, and that the transaction in hand was not a sale, but was a mere exchange, by the disposing company to the acquiring company, of all its property for bonds that the acquiring company held in a third corporation. While there seems to be some difference of authority as to what constitutes a sale, as distinguished from an exchange of property, our own court, in the case of Gunter v. Leckey, 30 Ala. 591, drew the distinction between a sale and a barter, or exchange, and in effect held that, if the parties exchange one article for another, the price or value not being measured in money terms, the transaction is an exchange or barter, and not a sale, and said:

"Sales include all agreements by which property is parted with for a valuable consideration, whether there be money payment or not, provided the bargain be made and the value measured in money terms." Duke v. State, 146 Ala. 138, 41 South. 170.

Here, the first conveyance was of all of the property of the selling company, the value of which was measured by bonds representing an indebtedness of a third company of $440,000, the assumption by the purchaser of an outstanding debt of the seller, represented by bonds of $100,000 and the payment of another debt of the seller for $4,500. In other words, the value of the property conveyed was measured in money terms; that is, obligations to pay an indebtedness by the purchaser and a third company. Had the consideration been a fixed indebtedness from the purchaser to the seller, evidenced by notes or mortgages, it could hardly be contended that it was not a sale, simply because the consideration was a debt, instead of cash; and we see no difference in principle because a part of the consideration was a debt from a third person, instead of its all being the debt of the purchaser, as the value could be measured in money terms by the obligation of one to pay a fixed sum as well as the other. These bonds, regardless of their market value at the time of the transaction, carried an obligation to pay the par or face value at the time of maturity, and were just as definite as to a fixed price and the measurement of the value of the property sold as would have been a promissory note, or notes, for a fixed sum executed by the purchaser. In fact, the checks, the consideration for the purchase in the Duke Case, supra, were only obligations from a third person, and not of the purchaser of the

whisky, and this court held that the transaction constituted a sale, and not an exchange. Our court, over 50 years ago, defined a sale, and drew the distinction between it and an exchange or barter, in the Gunter Case, supra, and which was followed and readopted in the Duke Case, and we must assume that the Legislature, in using the word "sold," in the foregoing act, intended to give it the meaning and application as indicated by the previous decisions of this court.

The second conveyance did not assume the payment of an outstanding indebtedness of the selling company, but the consideration $42,000 in bonds of the third company was a measurement of the value of the thing sold in money terms, to wit, an indebtedness of the Alabama Traction, Light & Power Company, evidenced by 5 per cent. first mortgage bonds of the par value of $42,000.

Counsel for appellant rely upon authorities in other jurisdictions in support of the contention that the transaction in question was not a sale; the strongest case being Koehler v. St. Mary's Brewing Co., 228 Pa. 648, 77 Atl. 1016, 139 Am. St. Rep. 1024. This case not only adopted the narrow view as to what constitutes a sale, but in effect held that the consideration to be paid must have been in money, and could not be an obligation of the purchaser. The opinion in this case also cites and relies upon section 671 of Cook on Corporations (6th Ed.). A careful consideration of this section will disclose that, while this eminent author condemns a transfer for stock in another corporation, he expressly states:

"As to a sale of the corporate property for purchase-money bonds in payment, this is equivalent to a sale for money payable in the future, and hence the transaction is not open to the same objections as in the case of stock."

Moreover, the final result in said case did not conform to the opinion, as the decree of the lower court dismissing the bill was affirmed upon rehearing.

The holding that the transaction was a sale, and authorized by the act of 1911, refutes the contention that it was ultra vires.

The decree of the circuit court is affirmed.

Affirmed.

SOMERVILLE, THOMAS, and MILLER, JJ., concur.