(109 So. 170)

## GLASS v. SMITH. (6 Div. 826.)

(Court of Appeals of Alabama. March 23, 1926. Rehearing Denied April 6, 1926.)

**Husband and wife** &⟋152.

Plea of coverture *held* not defense to suit against married woman for breach of contract whereby her separate realty was placed in plaintiff's hands for sale on commission.

Appeal from Circuit Court, Jefferson County; John Denson, Judge.

Action by Lamar Smith, doing business as the Lamar Smith Realty Company, against Mrs. M. I. Glass. From a judgment for plaintiff, defendant appeals. Affirmed.

Certiorari denied by Supreme Court in Glass v. Smith, 109 So. 171.

Ralph W. Quinn, of Birmingham, for appellant.

The wife is incapable of making a binding executory contract to convey her land, unless the husband joins in the execution of same. Courts cannot compel the wife to do that which she cannot lawfully do of her own accord. 13 R. C. L. 1317; 6 R. C. L. 1000; Morris v. Marshall, 185 Ala. 179, 64 So. 312; Blythe v. Dargin, 68 Ala. 370; Wood v. Lett, 195 Ala. 601, 71 So. 177; Morrow v. Campbell, 7 Port. 41, 31 Am. Dec. 704. In agreements to sell real estate, unless the husband assents and joins, the wife is non sui juris in respect to said contract. Wood v. Lett, supra; Blythe v. Dargin, supra.

W. Emmett Perry, of Birmingham, for appellee.

The contract sued on is a contract of employment, and not one for alienation of land. Plea 2 was no answer, and demurrer thereto was correctly sustained. McGowin Lbr. Co. v. Camp Lbr. Co., 16 Ala. App. 283, 77 So. 433; Morrow v. Campbell, 7 Port. 41, 31 Am. Dec. 704; Branch v. Moore, 84 Ark. 462, 105 S. W. 1178, 120 Am. St. Rep. 78; Smith v. Sharpe, 162 Ala. 433, 58 So. 381, 136 Am. St. Rep. 52; Morgan v. Whatley, 205 Ala. 170, 87 So. 846.

BRICKEN, P. J. This is a suit by appellee as plaintiff against appellant as defendant, claiming damages for an alleged breach of contract, whereby defendant, a married woman, placed her separate real estate in the hands of plaintiff to effect a sale thereof on commission.

Plaintiff alleged and proved that he procured a purchaser ready, willing, and able to purchase the property on the terms set out in the contract, which is essentially a contract of employment. Plaintiff was made defendant's agent to effect a sale of the property, and plaintiff performed his part of the contract when he procured a purchaser ready, able, and willing to buy on the terms specified in the contract between them. Plaintiff had fully performed, and was entitled to remuneration, whether defendant could, or would, perfect the sale by executing deed to the waiting purchaser.

There are many assignments of error in the record, but practically all of them depend finally upon whether or not the trial court was correct in sustaining demurrer to defendant's special plea numbered two. The contract was set out in full in the complaint, and, as a defense, plea 2 set up the disabilities of coverture with respect to the conveyance of real property by the wife without the consent of the husband manifested in the mode prescribed by the statute. Had the suit been for the enforcement of such a contract, or based upon a contract declared void by the statute, of course there could have been no recovery in the face of the plea; it would have been perfectly good. But the contract sued on was not a contract for alienation of real estate, but a contract for services between a married woman and one whom she had appointed as her agent to procure a purchaser for her property. The words of the contract are: "I hereby appoint you exclusive agent to make a sale of the real property described," etc., for which service she further agreed to pay a certain specified commission. This could only mean that plaintiff was employed to find a purchaser for the property. This, within the contemplation of the parties, was making a sale. It was not a contract to convey the property, nor an effort to make plaintiff her attorney in fact to effect, or complete, the sale. Consequently the plea was inapt.

All other assignments of error are manifestly without merit.

Affirmed.

---

&⟋For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes