(124 So. 866)

## J. R. RAIBLE CO. v. CITY BANK & TRUST CO. (7 Div. 905.)

Supreme Court of Alabama. Oct. 24, 1929.

Rehearing Denied Dec. 19, 1929.

Miller, Graham & Wingo, of Birmingham, for appellant.

Knox, Acker, Sterne & Liles, of Anniston, for appellee.

THOMAS, J. The statute and special finding of fact and previous decisions as to same ,were considered in Jones v. Hines, 205 Ala. 145, 87 So. 531.

The first appeal is reported in 22 Ala. App. 68, 112 So. 543, and the issues were practically the same as in the present appeal.

■ The opinion of Judge Samford was to the effect that appellant could not legally set off any amount due under the $1,500 note, which was not actually received by Raymond Heading Company, in that as to the amount of said note which was received and used by the Treadaway Cooperage Company the Raymond Heading Company was acting as surety, and to that extent the transaction was ultra vires and void. That defense may be made by either party to the executory contract, or by the party taking assignment of invoice for said corporation undertaking to become surety. Such is the declared public policy in this state. U. S. F. & G. Co. v. Town of Dothan, 174 Ala. 480, 487, 56 So. 953; First Nat'l Bank of Gadsden v. Winchester, 119 Ala. 168, 24 So. 351, 72 Am. St. Rep. 904; McKleroy v. Musgrove, 203 Ala. 603, 609, 84 So. 280; Fruitticher Elec. Co. v. Birmingham•Trust & Savings Co., 201 Ala. 676, 79 So. 248. The observation of the general rule, contained in Force v. Age-Herald Co., 136 Ala. 271, 278, 33 So. 866, 868, is to the effect that: "The only charge, then, of the bill as amended, is that the individual respondents, in taking the stock subscription for and on behalf of the Herald Company, entered into a contract that was ultra vires of the corporation. A creditor cannot attack a corporate transaction on the ground that it is ultra vires merely, where no fraud is charged. This right is confined to the corporation itself, or, where it refuses to act, to the stockholder, or, in a proper case, to the state." Tennessee Chemical Co. v. Cheatham, 217 Ala. 399, 116 So. 420, has no application to the assignment of debt and invoice under the facts before us.

■ If appellant were attempting to collect the.whole amount of the note from Raymond Heading Company, by way of suit or set-off, the defense of ultra vires may be interposed. The appellee, as assignee of Raymond Heading Company, has, as to this, the same right and defense as did its assignor. 5 C. J. p. 960, § 149, and authorities cited in note 6;

Harrison v. Marshall, 6 Port. 65; Gayle v. Benson, 3 Ala. 234; Stewart v. Kirkland, 19 Ala. 162. See Citizens' Bank v. J. C. Hass & Co., 157 Ala. 609, 610, 46 So. 1036, for authorities cited; Eslava v. Farley, 72 Ala. 214. That is to say, the position of appellee is in legal effect that of a party to the transaction, and not that of a mere creditor seeking to attack collaterally the ultra vires contract.

■ There was no reversible error in overruling defendant's demurrer to replication B, setting up by assignee the partial failure of consideration of the note as to the amount over and above the sum of $250, alleged as the only sum received therefor (Code, § 9054), the balance of said proceeds alleged to have been paid to and received by the Treadaway Cooperage Company by defendant. Tatum v. Com. Bank & Trust Co., 185 Ala. 249, 64 So. 561. This replication was not directed as answer to plea 11 of the set-off for money paid for defective material, not in accordance with the contract, and rejected on that ground.

■■ The evidence of Mr. Treadaway for plaintiff was that he was the president of the Raymond Heading Company, and had check for part of the proceeds of the $1,500 loan made and payable to the Raymond Heading Company, for $500, and "I went and got it cashed and got the money. * * * The fact of the business is I owned the Raymond Heading Company practically." The plaintiff is bound by this evidence: The court should have allowed defendant this sum rather than only $250. The president and general manager—sole owner and alter ego—of the Raymond Heading Company cashed that check and had in possession, for the Raymond Heading Company, the amount of $500. If, thereafter, Treadaway used $250 of said money for the Treadaway Cooperage Company, this fact would not have relieved Raymond Heading Company from its liability for the full amount which its president received for it by means of its check so made payable by defendant. The testimony of Douthit as to this amount was indefinite, and he stated he could not give the amount positively though his best recollection was that Raymond Heading Company received $250 or $300. He was acting under Treadaway, and the latter told him he was going to get a loan of $1,500, and that the money received was part of the loan. The burden was, as to the amount received for the loan, whether $250 or $500, upon the plaintiff, Treadaway, by whom plaintiff sought to prove the replication fixing the amount at $500 rather than $250 or $300, as stated by Douthit.

The judgment of the lower court of date of June 20, 1928, for $931.80, is corrected by reduction of the further sum of $250, with interest thereon from April 11, 1924, to date of rendition of said final decree. The costs of appeal are taxed against the appellee.

The judgment is reversed, and rendered for the sum indicated.

Reversed and rendered.

ANDERSON, C. J., and SAYRE and BROWN, JJ., concur.