(124 So. 882)

**O'NEAL v. PLOWDEN.** (8 Div. 124.)

Supreme Court of Alabama. Nov. 7, 1929.

Rehearing Denied Dec. 19, 1929.

Wallace C. Porter, of Florence, for appellant.

A. A. Williams, of Florence, for appellee.

SAYRE, J. Appellee sued appellant to recover a commission alleged to have been earned in procuring a purchaser for certain acreage property of defendant adjacent to the city of Florence. The parties entered into an agreement in writing by which plaintiff acquired the exclusive right during a period of ten days "to make sale of above described property" at a price and on terms definitely fixed by the contract, which also provided that "in case of a sale" by plaintiff, he was to have a commission of 5 per cent. on the sale price or any excess over and above that price. Within the time stipulated plaintiff took to defendant a paper writing signed by proposed purchasers setting forth an agreement for the sale and purchase of the property on the terms prescribed by the contract between plaintiff and defendant, but with this addition: "It is mutually agreed that the parties of the second part shall have a release of a lot or lots under the mortgage to be executed by them upon the payment of ($250.00) Two Hundred and Fifty Dollars in cash for each lot so released under said mortgage. It is further agreed that lots so released shall be approximately 50'x150' lots, or ranging about five lots to the acre." Defendant refused to sign the contract tendered to her because it was not in accordance with the contract she had with plaintiff, whereupon plaintiff informed her that the prospective purchasers would take the property without the release privilege concerning the sale of lots and that he had their authority to draw his

pen through the objectionable addition, but she still refused to sign. Plaintiff's version of what else then occurred was that defendant said she would have to have a larger price than that named in the contract between the parties to this cause and as well in the proposed contract of sale and purchase. Defendant's version of what else occurred was that plaintiff said nothing to her about the release clause in the proffered contract, and that she referred him to her son, who attended to her business affairs. The son testified that he would not sign the proffered contract because it was not in compliance with the contract between plaintiff and defendant—meaning, as we presume, that he would not advise his mother to sign—and further deposed not.

Plaintiff's testimony to the effect that the prospective purchasers brought to defendant's attention were able, ready, and willing to buy on the terms proposed by the contract between the parties to this cause was not controverted.

■ In many cases it has been decided that the agent becomes entitled to his commission when he has procured for his client one who is able, ready, and willing to contract with the client on the terms which the latter has stated to his agent. 2 Williston on Contracts, § 1030. Our cases have been in line with the authorities. Sayre v. Wilson, 86 Ala. 151, 5 So. 157; Handley v. Shaffer, 177 Ala. 636, 59 So. 286, 291; Hughes v. Daniel, 187 Ala. 41, 65 So. 518; and other cases cited in the decisions to which we here refer.

On one point which may be thought to have some importance in this case we quote as follows from Handley v. Shaffer, supra:

"Though much alike in some respects, there are important distinctions between a broker's undertaking to negotiate or effect a sale and one to merely find a purchaser, although they are often dealt with by courts as being identical in nature and results. The failure to properly distinguish between these two differing classes of contracts, and the attempt to apply to one class all of the principles which regulate the other, have produced many of the inconsistencies and much of the confusion with which the reported cases on this subject seem to abound. The distinction is clearly emphasized in the two cases of Montross v. Eddy, 94 Mich. 100, 53 N. W. 916, 34 Am. St. Rep. 323, and McDonald v. Maltz, 94 Mich. 172, 53 N. W. 1058, 34 Am. St. Rep. 331. See, also, Wiggins v. Wilson, 55 Fla. 346, 45 So. 1011, and Blodgett v. Sioux City R. Co., 63 Iowa, 606, 19 N. W. 799." The cases cited in this quotation from Handley v. Shaffer, supra, speak of the difference between a contract to effect a sale and one merely to find a purchaser, but the only effort to state the difference is found in Blodgett v. Sioux City Ry. Co., 63 Iowa, 606, 19 N. W. 799, where the difference is shown to be the difference between a contract to sell at the price and on the terms designated, and a contract to furnish a customer to whom the owner may sell if they are able to come to an agreement as to prices and terms. But that difference is of no account in the present case, for the reason that it appears without dispute that plaintiff was to make a sale at a price and on terms definitely settled between the parties to this action. In the case here presented it is well settled, as will appear from the authorities to which we have referred, that when the broker has found a purchaser able, ready, and willing to purchase upon the vendor's expressed terms, his right to the agreed commission does not depend upon the final consummation of the sale.

■ In final analysis the defense in this case, including the general charge requested and the several exceptions reserved against rulings on evidence, rests upon the statute of frauds, which is to say that plaintiff should not have been allowed to recover for the reason that, after defendant rejected the offer of the written contract tendered to her by plaintiff, the alternative tender in which plaintiff, on behalf of the prospective purchasers, offered to purchase the land at the price and on the identical terms proposed by the contract between plaintiff and defendant, should have been in writing. Our opinion is that, if plaintiff had authority to make the alternative proposal and the proposed purchasers were able, ready, and willing—none of which defendant has questioned then or now—plaintiff was entitled to recover. Without dispute this offer was made within the time prescribed and, as for the rest, plaintiff's interests were protected by her right to have payment of the first installment contemporaneously with her tender of a deed and by her right at the same time to have a mortgage for the deferred payments. As this court held in Sayre v. Wilson, supra, the statute of frauds was no answer to the case stated in the complaint and supported by plaintiff's evidence. The contract between the parties, the contract for breach of which this suit was brought, was not a contract for the sale of lands within the meaning of the statute; it was a contract for commissions to be earned by producing a purchaser or purchasers for land.

■ Nor did plaintiff's testimony as to his authority to cancel that part of the written contract tendered to defendant which provided for the release privilege offend against the rule which forbids the admission of parol to change or limit a written instrument agreed upon and executed between the parties in interest. The paper writing in the present case—the writing tendered to defendant—had not been made the witness of any contract or agreement between the proposed parties to it. It was merely tentative. After defendant's refusal to sign, it was nothing more than a memorandum, a scrap of paper. No violence was done to any rule of evidence

by plaintiff's reference to it, with the release privilege eliminated, as going to show a proposal of the would-be purchasers in strict agreement with the terms of the contract between plaintiff and defendant.

The judgment must be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.