(130 So. 320)

## BOB BELL REALTY CO. v. JONES VALLEY LAND CO.

### 6 Div. 625.

Supreme Court of Alabama.
June 26, 1930.

Rehearing Denied Oct. 30, 1930.

Harsh & Harsh, of Birmingham, for appellant.

690

Huey, Welch & Stone, of Bessemer, for appellee.

PER CURIAM.

As we understand, the suit is for a breach of a contract for a commission agreed to be paid by the defendant corporation for finding a purchaser ready, able, and willing to buy the defendant's property at an agreed price. It is not a contract for the sale of defendant's property as forbidden by section 7036 of the Code of 1923, except under the conditions thereby required. O'Neal v. Plowden, 220 Ala. 317, 124 So. 882; Sayre v. Wilson & Ingram, 86 Ala. 151, 5 So. 157; Morgan v. Whatley & Whatley, 205 Ala. 170, 87 So. 846; Cofield v. McGraw & Garner, 16 Ala. App. 369, 77 So. 981, and Glass v. Lamar Smith, 21 Ala. App. 325, 109 So. 170, wherein certiorari was denied by this court, 215 Ala. 52, 109 So. 171.

Plea 6 was subject to the plaintiff's demurrer, especially grounds 10, 11. and 13, and the trial court committed reversible error in not sustaining said demurrer.

The judgment of the circuit court is reversed, the judgment of nonsuit is set aside, and the cause is remanded.

Reversed, rendered, and remanded.

· All the Justices concur, except THOMAS, J., who dissents.

THOMAS, J.

, The complaint was in three counts—an alleged contract, money due on account, and for work and labor done.

Demurrers to pleas 3, 4, and 6 were overruled. And by reason of and on account of said adverse rulings of the court, the plaintiff took a nonsuit with bill of exceptions, having moved the court for appropriate order accordingly, and appeals.

Plea 6 sets up noncompliance with section 7036, Code, and invokes the provisions thereof. It is alleged in this plea that counts 2 and 3 relate to or are based upon the same matter as set out in count 1.

The bill of exceptions recites: "Whereupon, plaintiff, being unable to controvert .the truth in fact of said pleas 3, 4, and 6, but contending separately that said plea # 3, 4 and 6, separately and severally though separately and severally true in fact were not a good defense in law to the complaint, was, by each of said pleas separately and severally and the ruling of the court thereon separately and severally compelled to pray for a non-suit and thereupon plaintiff, by the said ruling of the court upon said pleas # 3, 4 & 6 separately and severally was compelled to take and did take a non-suit in said cause, and pray for a bill of exceptions, and the Court did thereupon order that plaintiff be non-suited in said cause and order a nonsuit therein, and

did allow plaintiff in said cause to take a bill of exceptions."

These rulings presented for review invoke the construction and effect of section 7036, Code, which is as follows: "The entire property of a private corporation may be sold, exchanged, or bartered for other property, or otherwise disposed of when authorized by a vote of two-thirds of the board of directors and subsequently ratified by a vote of the holders of four-fifths in value of the capital stock of such corporation at a stockholders meeting called to consider the matter. Ten days' notice of such stockholders meeting shall be given in writing prior thereto and the purpose for which the meeting is called shall be stated in the notice."

The cases of Forsyth v. Alabama City, G. & A. Ry. Co., 207 Ala. 488, 93 So. 401 (under the Act of 1911), and McGregor v. Alabama Bank, 215 Ala. 307, 110 So. 468, did not construe this statute in respects here pertinent.

The material question for decision is: May the entire property of a private corporation, organized under our laws since September 6, 1923 (General Acts 1911, p. 564, § 1, as amended by General Acts 1923, p. 249, § 1; Forsyth v. Alabama City, G. & A. Ry. Co., supra), be sold, exchanged, or bartered until duly authorized (1) "by a vote of two-thirds of the board of directors and subsequently ratified by a vote of the holders of four-fifths in value of the capital stock of such corporation," and done (2) "at a stockholders meeting called to consider the (that) matter" after (3) "ten days' notice" of such "meeting shall" (have been) "given in writing prior thereto" and (4) "the purpose for which the meeting is called shall be stated in the notice" so required and given.

In Tillis v. Brown, 154 Ala. 403, 45 So. 589, is the declaration that "a solvent, 'going' corporation cannot, against the objection of even a single stockholder, sell its entire property, and thereby denude itself of the means and power of carrying out the purposes for which it was organized." See analogy in Elyton Land Co. v. Dowdell, 113 Ala. 177, 20 So. 981, 59 Am. St. Rep. 105; Morris v. Elyton Land Co., 125 Ala. 263, 28 So. 513. And it was this restricted rule that induced the enlarged powers that may be exercised by "two-thirds of the board of directors and subsequently ratified by a vote of the holders of four-fifths in value of the capital stock" by the Act of April 21, 1911, p. 564.

In Hoene v. Pollak, 118 Ala. 617, 622, 24 So. 349, 72 Am. St. Rep. 189, it was declared: "No body corporate can appoint an agent to convey lands except by a vote of its directors or other managing board in whom the power to sell may be reposed by charter or generally by law (Standifer v. Swann & Billups, 78 Ala. 88); this, by reason of the statute of frauds. 'Notwithstanding the requirements of the statute of frauds declaring void certain contracts for the sale of land, unless evidenced by writing subscribed by the party to be charged, an equitable interest may be acquired in lands without any written transfer of title, by conduct or declaration of the owner which would create an estoppel in pais on his part. This rule applies as well to corporations as to natural persons.' "

And on this point we may note that in Alabama Red Cedar Co. v. Tennessee Valley Bank, 200 Ala. 622, 623, 76 So. 980, 981, it was said:

"At this point it is well to note that there can be no estoppel to resist a contract beyond the power of the corporation, and no ratification of such a contract. Westinghouse Mach. Co. v. Wilkinson, 79 Ala. 312; Chewacla Lime Works v. Dismukes, 87 Ala. 344, 6 So. 122, 5 L. R. A. 100; A. G. S. R. R. Co. v. Loveman, 196 Ala. 683, 72 So. 311. * * *

"Powers not expressly granted to a corporation, or powers not necessarily incidental to those expressly granted thereto, are without the power of the corporation; and acts or contracts of or for the corporation outside of the powers thus granted are ultra vires and void. Const. 1901, § 233; A. G. S. R. R. Co. v. Loveman, 196 Ala. 683, 72 So. 311, 313, 314, among others of a long line of the decisions of this court."

This has been followed by analogy in Coston-Riles Lumber Co. v. Alabama Mach. & Sup. Co., 209 Ala. 151, 95 So. 577; People's Bank v. Mobile Towing & Wrecking Co., 210 Ala. 678, 99 So. 87; Houston Canning Co. v. Virginia Can Co., 211 Ala. 232, 100 So. 104, 35 A. L. R. 912; Shows v. Jackson, 215 Ala. 256, 110 So. 273.

The general declaration of corporate power contained in Coston-Riles Lumber Co. v. Alabama Machinery & Supply Co., supra, is to the effect that every grant of power implies and carries with it as an incident authority to do whatever act, or use whatever means, are reasonably necessary and proper to the accomplishment of the purpose for which an agency was created. It follows that such is not the rule if there be no authority of law or power, state and corporate; or if such authority or incident authority is forbidden to be done or exercised for the accomplishment of an unlawful purpose, and that for which the agency was not, or may not be created. J. R. Raible Co. v. City Bank & Trust Co., 22 Ala. App. 68, 112 So. 543; Id., 220 Ala. 293, 124 So. 866.

The reason on which such statutes rest, or public policy that supports the same, is thus discussed In Re Walter S. Timmis, 200 N. Y. 177, 181, 93 N. E. 522, 523, as follows:

"These cases and those which intervened established the law that a corporation cannot sell all its property, or even a part thereof so integral as to be essential for the transaction

of its ordinary business, because such a sale is wholly or partly an act of self-destruction and a practical dissolution without compliance with law.

"The discussion of the subject in the various opinions suggested two evils: (1) The injustice to the bulk of the stockholders from want of power in a corporation to sell its business or an essential part thereof to another corporation organized for the purpose, frequently from its own membership, on terms deemed advantageous by the holders of a large majority of the stock. (2) The injustice to minority stockholders of requiring them to abandon, change, or limit their business if the majority should have the power to direct such a sale. An incidental evil was the power of a dissenting stockholder to compel the majority to buy him out on his own terms in order to secure unanimous consent with no one left to question the transaction."

And the purpose of our statutes of 1911 and of 1923 was to change (in respects indicated) the rule of the common law that neither the directors nor a majority of stockholders has power to sell or transfer all of the properties of a going or functioning corporation able to achieve the object of its creation, against the dissent of a single stockholder. The extent and purpose of the statutes are clearly expressed; and compliance with the statutory terms is a condition precedent to a sale or contract therefor. Trulock v. Kings County Iron Foundry, 216 App. Div. 439, 215 N. Y. S. 587. See, also, old case of Cox v. Gould, 4 Blatchf. 341, 6 Fed. Cas. No. 3301; Gen. Acts 1923, § 1, p. 249.

The agent, alter ego, or president of the private corporation in question, since the enactment of these statutes, in the absence of due authorization, required and provided by law, cannot bind the corporation by contract alleged for the sale of its entire properties, and so render the corporation liable under such alleged sales contract and for real estate agents' commissions, or for alleged services rendered under such contract. The general authorities are collected in 14–A C. J. p. 527, § 2436, p. 530, § 2442, et seq. This is in effect the result of Forsyth v. Alabama City, G. & A. Ry. Co., 207 Ala. 488, 93 So. 401, under the act of 1911, p. 564.

The pertinent observations made in O'Neal v. Plowden, 220 Ala. 317, 124 So. 882, were between individuals, and where the question of corporation authority or power under statute was not presented.

In the opinion of the writer there was no error in the ruling of the circuit court.