# Singer Manufacturing Co. *v.* Riley.

*Statutory Action in Nature of Ejectment.*

1. *Admission of secondary evidence.*—Where secondary evidence is offered to show the contents of a deed alleged to have been lost, it is not enough to show that search was made for the original; there must be diligent search at every place the paper would be likely to be found. The execution of the instrument, as well as its loss must be shown.

2. *Same; when error to admit.*—It is error to permit an alleged copy of a lost deed to be read to a witness, that witness may testify in regard to the contents of the original, and whether said alleged copy corresponds with witness' recollection of the original.

Appeal from the Circuit Court of Lee.

Tried before the Hon. H. D. Clayton.

The facts in this case fully appear in the opinion of the court.

B. K. Collier, and Geo. P. Harrison, for appellant, cited: 1. Gr. on Ev. §§ 558, 569, 572; *Askew Bros v. Steiner et al,* 76 Ala. 218, upon the insufficiency of the proof, offered by

plaintiff, of the execution of the alleged deed from Torrey to Eason.

2. As to proof necessary to show loss of original: *Shorter v. Shepard,* 33 Ala. 648; *Mitchell v. Mitchell,* 3 Stew. & Port. 81; *Lee v. Mathews,* 10 Ala. 682; *Tatum v. Young,* 1 Port. 298; *Beall v. Dearing,* 7 Ala. 124.

W. J. SAMFORD, and A. A. DOZIER, *contra.* No brief in hands of reporter.

STONE, C. J.—This was a statutory real action instituted by Riley, and defended by the Singer Manufacturing Company. One link in the plaintiff's chain of title was an alleged deed from Torrey to Eason, the latter being plaintiff's grantor. The deed was alleged to be lost, and was attempted to be proved by copy. The copy offered is shown in the record. It purports to have two subscribing witnesses, one writing his name, and the other making his mark. It was never acknowledged or probated, but appears to have been recorded in the probate office. There is testimony, not contradicted, that the grantor, the grantee and both subscribing witnesses were dead when the trial took place. The copy deed offered is certified from the records of the probate office, but furnishes no evidence that it has been acknowledged, or its execution proved. It bears date May 23, 1870, and also bears the mark, "Filed in office for record February 17, 1875"—nearly five years afterwards—signed by the probate judge. This copy, or seeming copy of the deed is certified as a correct copy from the record of deeds and conveyances, and signed officially by the present probate judge. The paper was not self-proving.

The only testimony offered to prove the existence, contents and loss of the deed was that of Mrs. Eason, widow of the grantee, who could neither read nor write. Her testimony was as follows: "I am the widow of W. O. Eason. I can not read and write. Mr. Eason brought a deed over from Mr. Torrey's, and read it over to me, to lot 23, and gave it me to keep. *　　* I took the deed and put it away. I have looked for it and can not find it." On this testimony the plaintiff offered the copy deed in evidence, with certain testimony tending to prove it was a copy. The defendant objected that "there had been no sufficient proof of the loss of the deed." The objection was overruled and an exception was reserved. In this the Circuit Court erred. The natural import of Mrs. Eason's testimony, copied above, is, that soon after Torrey executed and delivered the deed to Eason, the latter brought it home and gave it to his wife to keep. She says she put it away, but does not say she put it where others would not have

[Powell v. Rankin & Co. ; Little v. Rankin & Co.]

access to it.  Moreover, the deed, according to the theory of
the plaintiff's phase of the proof, was in the probate office, and
necessarily out of Mrs. Eason's possession nearly five years af-
ter it was executed.  The search should have been more dili-
gent than Mrs. Eason's testimony tends to prove, and should
have been extended to the probate office.  Search is not enough.
There must be diligent search at every place the paper would
be likely to be found.—1 Greenl. Ev. § 558 ; *Mitchell v.
Mitchell*, 3 Stew. & Por. 81 ; 1 Brick. Dig. §§ 632, 633.  So,
proof of the execution of the instrument, as well as proof of
the loss must also be made.—*Comer v. Hart*, 79 Ala. 389.

Nor was the copy produced in any sense a conveyance of the
title.  It contains no words of sale or transfer, and is wholly
inoperative as a deed of bargain and sale.  It should not have
been received in evidence.

The Circuit Court also erred in allowing the alleged copy of
the deed to be read to the witness, that she might testify in
regard to its contents, and whether or not it corresponded with
her recollection of the deed read to her by her husband.  *Jacques
v. Horton*, 76 Ala. 238.

Reversed and remanded.