# King v. Scheuer & Brother.

### *Statutory Action of Ejectment.*

1. *Secondary evidence of deed; when admissible.*—Before secondary evidence of a written instrument alleged to be lost is admissible, the party seeking to introduce such evidence must show that he has in good faith and with reasonable diligence exhausted in his search for said paper all the sources of information and means of discovery which the nature of the case naturally suggests and which are accessible to him.

2. *Same; same.*—Where, in an action of ejectment, it is shown that the deed upon which the plaintiff relied for recovery had but a short time previous to the trial been placed in the hands of plaintiff's attorney, who in the meantime removed into another State, and no effort was made to get the deed from said attorney, and no inquiry made of him concerning it, nor had any search been made for it in the

[King v. Scheuer & Brothers.]

office formerly occupied by him, a certified copy of said deed taken from the records in the probate judge's office is inadmissible in evidence.

APPEAL from the Circuit Court of Barbour.

Tried before the Hon. JESSE M. CARMICHAEL.

The appellees, B. Scheuer & Brother, brought a statutory action of ejectment against the appellant, J. W. King, to recover certain property specifically described in complaint.

There is but one question presented on this appeal, which is as to the admissibility of a certified copy of a deed taken from the records of the office of the probate judge. In reference to this question, as is shown by the bill of exceptions, the plaintiff introduced B. Scheuer, one of the plaintiffs, who testified, "that he did not know where the sheriff's deed that was made by the sheriff, M. L. Passmore is; that at the former trial of their case, at the Fall term of this court, 1892, the deed was used on said trial, and after it was over was placed in the file of papers, and that he had not seen it since. That Mr. S. H. Dent, Jr., was his attorney and drafted the bill of exceptions after that, and copied said deed in said bill of exceptions; that plaintiffs' attorney at said time lived in the city of Eufaula in Barbour county, State of Alabama, and lived there until about the first of September last, when he moved to the city of Chicago, and that before he removed he retired from this case, and had nothing further to do with it. That witness had never called on his attorney for said deed, and did not know that it was necessary for him to do so. That witness had never called at the office of his said attorney in Eufaula, to see whether said deed was there or not in said office, neither before or since the time Mr. S. H. Dent, Jr., his attorney, moved to the city of Chicago. That the other plaintiff in this cause lives in the city of Eufaula, and has lived there ever since this suit was commenced. That witness has never asked his co-plaintiff if Mr. Dent had turned him over the deed, nor had ever heard his co-plaintiff speak about said deed. That he, witness, had been attending to this case, and that his co-plaintiff had nothing to do with the management of this case, and nothing to do with the papers in this case." The plaintiffs also introduced the clerk of the court, who

testified that he had examined his office, and could not find the said deed ; that all the papers he had ever seen in said cause were still on file in his office. This being all the evidence on this question, the plaintiff then offered to read in evidence to the jury a certified copy of said sheriff's deed to the plaintiffs, which was copied from the records of the probate court. The defendant objected to the introduction of said deed as evidence, first, because the evidence did not show that said deed was lost or destroyed; second, because the evidence did not show that plaintiffs' deed was not in the office of Mr. Dent, plaintiffs' former attorney, at Eufaula. The court overruled the defendant's objection, and the defendant duly excepted to such ruling. There was judgment for the plaintiffs, and defendant appeals.

W. D. ROBERTS, for appellant.

ALSTON & PEACH, contra.

McCLELLAN, J.—In laying the predicate for secondary evidence of a paper alleged to be lost, it is incumbent on the party seeking to adduce such evidence "to show that he has in good faith and with reasonable diligence exhausted in his search all the sources of information and means of discovery which the nature of the case naturally suggests and which are accessible to him," 13 Am. & Eng. Encyc. of Law, p. 1096 ; or, as said by STONE, C. J., "there must be diligent search at every place the paper would be likely to be found."—Singer Man'f'g Co. v. Riley, 80 Ala. 314; Jernigan v. State, 81 Ala. 58 ; 1 Brick. Dig. 848, §§ 632, 633.

The evidence in this case as to the loss of the sheriff's deed to the plaintiffs does not, in our opinion, meet these requirements. It was shown that the last time the deed was seen it was in the possession of Mr. Dent, who had it for the purpose of preparing a bill of exceptions taken on a former trial of this case—Mr. Dent then being plaintiff's counsel. In the meantime he had removed to Chicago. No effort was made to get the paper from Mr. Dent, and no inquiry was addressed to him in respect of it, nor was any search for it made in the office occupied by him in Eufaula at the time he is shown to

[Louisville & Nashville Railroad Co. v. Woods.]

have had the paper in his possession which was a comparatively brief period prior to this trial.

The circuit court erred in the admission of the certified copy of the deed taken from the registry in the probate judge's office.

Reversed and remanded.