# United States Fidelity & Guaranty Co. v. Town of Dothan.

## Breach of Contract.

(Decided November 28, 1911. 56 South. 953.)

1. *Pleading; Demurrer; Scope.*—A demurrer is addressed only to defects apparent on the face of the pleading.

2. *Same; Conclusion; Defense; Ultra Vires.*—Ultra vires is a negative defense, and a plea was not demurrable for failure to set forth facts showing the ultra vires of the contract, which alleges that the contract, the performance of which was secured by the bond sued on, was without the authority of the plaintiff municipality to execute, and that the same was ultra vires.

3. *Corporation; Building Contract; Ultra Vires.*—Where a contract made either by a public or private corporation is ultra vires, it is void and either party may plead the same as a defense so long as the contract is executory.

4. *Principal and Surety; Action on Builders' Bonds; Complaint.*—The complaint in this case is examined and it is held not to be subject to demurrer for a failure to allege performance of all the conditions in the contract by the plaintiff, nor for a failure to charge that the additional amount expended was reasonable, since if plaintiff was forced to spend that amount, it is presumed prima facie that it was reasonable, and non performance in other respects, affecting the surety's liability, was matter for plea or answer, and not demurrer.

5. *Same; Surety's Liability; Defenses.*—The surety can make any defense, not personal to the principal that the principal could make.

6. *Same; Contractor's Bond.*—Where the contract made by the principal in the bond sued on for the construction of a schoolhouse, provided that the town should furnish a superintendent to ·superintend the work for the town, etc., the fact that the town, during the continuance of the work, dismissed the superintendent and did not employ another, was no defense to an action on the contractor's bond, unless injury resulted from such a failure.

7. *Evidence; Lost Instrument; Secondary Evidence.*—The evidence examined and held insufficient to show loss of the bond sued on, so as to render secondary evidence of its contents admissible.

8. *Lost Instruments; Burden of Proof.*—The action being against the surety on a contractor's bond which was lost, and the bond not having been produced and no affidavit having been made as authorized by section 2491, Code 1907, the burden was on the plaintiff to prove that the bond was executed by the defendant.

APPEAL from Houston Circuit Court.

Heard before Hon. H. A. PEARCE.

Action for breach of contract by the Town of Dothan against the United States Fidelity & Guaranty Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded. ·

The allegations of the complaint to which demurrers were overruled sufficiently appear from the opinion.

The following is plea 12: "Comes the defendant in the above-entitled cause, and for further answer to the amended count of the complaint the defendant says that the plaintiff should not recover in this suit, for that at the time of entering into the said contract, which is alleged in said count of said complaint, that the town of Dothan made· with R. A. Moody for the erection of a certain schoolhouse, which contract was entered into on, to wit, the 17th day of May, 1902, and for the faithful performance of which contract the bond sued on in this action was given, the said town of Dothan was without the power or authority to enter into said contract, and had no power or authority to build said schoolhouse. Wherefore the defendant says that the

contract was ultra vires, and therefore plaintiff should not recover."

Plea 13: "And for further answer to said complaint the defendant says that plaintiff should not recover in this case, for that the bond, which is sued on, was given, as alleged in said complaint, for the faithful performance of the contract which was entered into by and between said plaintiff and one R. A. Moody for the building or erection of a schoolhouse in the town of Dothan, and that in said contract entered into by and between the town of Dothan, the plaintiff in this case, it was provided that on the 1st and 15th day of each month thereafter, until the work contemplated by this contract is completed, the said R. A. Moody shall make up and present to the said town of Dothan a true and correct estimate of the value of the work done upon said building, and the materials furnished and received for actual use in said building, and, upon said estimate being declared correct by the superintendent to be hereinafter provided for, said town of Dothan agrees to pay to the said R. A. Moody 90 per cent. of said estimate, as the same shall be presented in accordance with the tenor of this contract, until $16,000 of such total sum shall have been received by the said R. A. Moody. It is further agreed by and between the parties hereto that the town of Dothan, at its cost and expense, shall furnish a superintendent, who shall at all times have free and unmolested observation and cognizance of the work being done upon said building, and who shall represent said town of Dothan in seeing and having said work done according to the plans and specifications, and shall direct at all times and about all things the interest of the said town of Dothan in the construction of said building, so long as said town of Dothan may keep such superintendence. The defendant says that, not-

withstanding said requirement and stipulation as contained in said contract, the plaintiff wholly failed and refused to observe and keep such provisions in said contract, and did on, to wit, August 10, 1910, dismiss the superintendent which it had theretofore employed under and in accordance with the provisions of said contract, or said superintendent resigned his position as such superintendent, or quit the service of defendant, and plaintiff did not thereafter employ another superintendent to have charge of said work, and whose duty it was to look after said work, and to direct and take care of all things pertaining to the interest of the town of Dothan, as set forth in said contract, and that from the time of the dismissal of the superintendent who was first employed under said contract as hereinbefore set out there was never employed a superintendent by the town of Dothan, the plaintiff in this case, until after, to wit, November 1, 1902."

The grounds of demurrer numbered 2 and 5 to the fifth plea are as follows: (2) "Because it does not appear that the defendant was damaged by the matters and things set out in said plea." (5) "Because said plea does not allege or set forth the facts which show that defendant sustained damages equal to or exceeding the amount claimed in this suit by reason of the breach of the contract as set forth in this plea." Cause 2 to plea 7 is as follows: "Said plea fails to allege that by reason of the acts therein charged to have been done by plaintiff defendant suffered any injury or sustained any loss."

COLEMAN, DENT & WEIL, for appellant. The same rule of pleadings apply in suits against sureties on bonds as apply in actions upon other contracts. The complaint must aver performance of conditions precedent to a re-

covery, or waiver thereof, as excuse for non-performance.—2 Brandt on Suretyship (3d Ed.) sec. 830, N. 39; 4 Enc. Pl. & Prac., p. 932; 4 Ib., pp. 628, 632, 634-6; *Flouss v. Eureka Co.*, 80 Ala. 30; *Greil v. Solomon*, 82 Ala. 85; *Jones v. Somerville*, 1 Porter (Ala.) 437, and citations; *Brady v. Green*, 159 Ala. 482; *Jones v. Cooper*, 16 Am. Dec. 678; 1 Brandt on Suretyship, sec. 471; 32 Cyc. and note 79; 5 Cyc. 825. Where a bond is given for the faithful performance of a builder's contract, and to hold the owner harmless for the breach by the builder of such contract, in order to hold the surety liable for any breach by the principal, the terms and conditions of the contract must be strictly observed and performed by the obligee of the bond or owner; and if there is a failure to carry out said contract by the obligee, the surety is discharged. When such contract provides for installment payments on certificate of architects or superintendent, and payment is made without such certificate, or there is a prepayment or over payment, the surety is discharged.—*First Nat. Bk. v. F. & D. Co.*, 145 Ala. 335; Lloyd on Building Contracts, Secs. 39, 69; 1 Brandt on Suretyship (3d Ed.) Sec. 416, 427, 440, 748; *Queel v. Stradley*, 99 N. W. 588; Endem on Building Contracts, p. 61; *Calvert v. London Dock Co.*, 2 Keen (Eng.) 638; *Gen. Steam Nav. Co. v. Rolt*, 6 C. B. (N. S.) 550; *Hohne v. Brunskill*, L. R. 3 Q. B. Div. 495; *Prairie State Bk. v. U. S.*, 164 U. S. 227; *Miller v. Stewart*, 9 Wheat. 680; *Reese v. U. S.*, 9 Wall. 13; *U. S. v. Freel*, 186 U. S. 309; *Shelton v. Amer. Surety Co.*, 127 Feb. Rep. 736; 131 Fed. Rep. 210; *Zeigler v. Hallaban*, 131 Fed. 205; *U. S. v. McIntyre*, 111 Fed. Rep. 590; *U. S. v. Amer. Bond & Tr. Co.*, 89 Fed. 925; *May v. Ala. Natl. Bk.*, 111 Ala. 510; *Anderson v. Bellinger*, 87 Ala. 334; *Prim v. Hammel*, 134 Ala. 152; *Brown v. Johnson*, 127 Ala. 152; *Brown v. Johnson*, 127 Ala. 292; *Crescent*,

*etc. v. Handley,* 90 Ala. 486; *City Council v. Hughes,* 65 Ala. 201; *Moses v. Home, etc.,* 100 Ala. 465; *White v. Life Assn.,* 63 Ala. 419; *McKee v. Griffin,* 66 Ala. 211; *McKay v. Dodge,* 5 Ala. 388. To justify the admission of parol evidence as to the contents of a written instrument, the following facts must be established to the satisfaction of the court: (1) the existence and execution of the original paper, as a genuine document; (2) the substance of its contents; (3) its loss, destruction, absence from the State, or other satisfactory reason for failure to produce the original, which may be shown by such diligent search for it as would raise a reasonable presumption of such loss or absence. The one of these facts is as necessary to prove as the other, and the failure, therefore, to prove either is fatal to the right to introduce secondary evidence.—*Potts v. Coleman,* 86 Ala. 94; *Comer v. Hart,* 79 Ala. 389; *Singer Mfg. Co. v. Riley,* 80 Ala. 314; *Crook, Judge, etc. v. Webb,* 125 Ala. 457; *Foster v. State,* 88 Ala. 182; *Phoenix Assurance Co. v. McAuthor,* 116 Ala. 659; *Laster v. Blackwell,* 128 Ala. 143.

B. F. REID, and ALBERT E. PACE, for appellee. No brief reached the Reporter.

SIMPSON, J.—This action is brought by the appellee to recover damages for the breach of the conditions of a bond executed by the appellant, conditioned for the faithful performance, by one R. A. Moody, of a building contract.

There was no error in overruling the demurrer to the complaint as amended. A demurrer is addressed only to defects apparent on the pleading. The complaint sets out in full the conditions of the bond, alleges that said Moody entered into a contract to build a school-

house, according to plans and specifications, for $19,-840, for the faithful performance of which said bond was executed, and the breach is that said Moody, after having done a large amount of work, abandoned it and refused to carry out his agreement, "without fault on plaintiff's part, and plaintiff was forced to take charge of and complete said building at a large cost in the sum of, to wit, $12,000, in excess of said sum of $19,840." This is a clear statement of a liability and of damage to the amount of $12,000. If there were any other conditions in the building contract, the nonperformance of which affected the liability of the surety, the same not being apparent upon the face of the pleadings, it was the right and privilege of the defendant to present them by plea. A demurrer, relying upon facts not appearing on the face of the pleading, would be a speaking demurrer.—31 Cyc. 322, and cases cited.

It is true that, in order to recover the amount claimed, it was necessary for the plaintiff to prove that the amount expended by it was reasonable, and it would have been more accurate pleading to have so alleged; yet the complaint states that the plaintiff was *forced* to expend the amount so named in completing the building, and, unless the amounts expended were reasonable, the plaintiff could not be said to have been forced to spend them. For a like reason, the plaintiff was not required to allege that the completion of the building was in accordance with the specifications. The allegation is in effect that it could not be completed at all without the expenditure of said amount; and, issue being taken on these allegations, it cannot be presumed that there were any expensive variations from the specifications, which could easily have been suggested, if they existed.

[United States Fidelity & Guaranty Co. v. Town of Dothan.]

The next insistence of the appellant is that the court erred in sustaining the demurrer to the twelfth plea. As will be seen by the plea, which will be set out in the statement of this case by the reporter, said plea sets up the defense that the contract between the town of Dothan and said R. A. Moody, and consequently the bond signed by said Moody and the defendant in this case, are ultra vires; said town not having the power or authority to enter into said contract, or to build the schoolhouse. The causes of demurrer are, first, that the facts set out in said plea are no answer to the complaint; and, second, that said plea fails to set forth any facts which show that the contract sued on is ultra vires.

The decisions of this court are clear to the effect that a contract which is ultra vires is void, and that either party may plead the same as a defense to an executory contract.—*Chambers v. Falkner,* 65 Ala. 449, 455; *Westinghouse Machine Co. v. Wilkinson & Cole,* 79 Ala. 312, 316; *Sherwood v. Alvis,* 83 Ala. 115, 117, 3 South. 307, 3 Am. St. Rep. 695; *Chewacla Lime Works v. Dismukes, Frierson & Co.,* 87 Ala. 344, 347, 6 South. 122, 5 L. R. A. 100; *Long v. Ga. Pac. Ry.,* 91 Ala. 519, 521, 8 South. 706, 24 Am. St. Rep. 931.

The liability of the surety follows that of the principal, and the surety can make any defense, not personal to the principal, that the principal can.—27 Am. & Eng. Ency. Law (2d Ed.) pp. 454, 455.

The defense being negative, to wit, that the corporation has no power to make the contract, it is difficult to see what other facts could be stated, in order to make it clearer that the defense was a failure of the charter to confer the power.

The court erred in sustaining the demurrer to the twelfth plea.

There was no error in sustaining the demurrer to the thirteenth plea. While it is true that many of the causes of demurrer assigned in a general way have no application to this plea, yet it does not allege or show that any damage resulted to the defendant by reason of the failure of the plaintiff to continue to employ a superintendent. Consequently the plea was subject to causes 2 and 5 to the fifth plea, and cause 2 to the seventh plea, all of which were assigned by reference back to the thirteenth plea.

The next insistence is that the court erred in allowing testimony as to the contents of the bond. The testimony of the principal witness on the subject of the loss and existence of the bond, and the search made for it, is that he knew about a bond executed by R. A. Moody; that said bond was introduced in evidence in another case, which was the last time he saw it; that after the trial he and the clerk of the court searched the courthouse for it, and failed to find it; that his recollection is that one R. H. Walker, who represented Moody in that case, introduced it in evidence, but he was not certain that it was introduced in evidence at all, though he was positive that the bond was there; that he looked through his own desk and other places where such papers were kept, and could not find it. He testifies, also, that the treasurer of the city is the custodian of such papers as the bond; that the chairman of the building committee turned the bond over to the witness, but he does not know whether said chairman got the bond after the first trial referred to, or whether he has it now.

Said R. H. Walker testified that he was attorney for R. A. Moody in the case referred to, and remembered seeing the bond that was signed by R. A. Moody, but did not recall that he had the bond in his custody, and had not searched for it, but did not have it, and never

had it.  The chairman of the building committee (Cherry) testified that he never had the paper in his possession.  The treasurer, the legal custodian of the bond, was not examined at all.  In addition, the first-named witness (who is one of the attorneys in this case), when asked who signed the bond, replied that it was signed by R. A. Moody and approved by the mayor; and neither he nor any other witness testified that the bond was signed by the appellant at all.

The rules with regard to the introduction of secondary evidence are familiar and frequently repeated in our decisions.—*Singer Mfg. Co. v. Riley,* 80 Ala. 314, 316; *Potts v. Coleman,* 86 Ala. 94, 101, 5 South. 780; *King v. Scheuer & Co.,* 105 Ala. 558, 560, 16 South. 923; *Ala. Construction Co. v. Meador,* 143 Ala. 336, 337, 39 South. 216; *McEntyre v. Hairston,* 152 Ala. 251; 253, 254, 44 South. 417; *Perry v. State,* 155 Ala. 93, 95, 46 South. 470.

There was not a sufficient predicate for the introduction of secondary evidence of the contents of the bond.  The burden rested upon the plaintiff in this case; the bond itself not being produced in evidence; and no affidavit having been made, under section 2491 of the Code of 1907, to prove the execution of the bond by the defendant.  It results that the court erred in admitting secondary evidence of the contents of the bond, and also in refusing to give the general charge in favor of the defendant, as requested.

The judgment of the court is reversed, and the cause remanded.

Reversed and remanded.  All the Justices concur.