UNITED STATES of America, for the Benefit and Use of Henry B. BERKOWITZ

v.

FRANKINI CONSTRUCTION COM-PANY et al.

Civ. A. No. 55–58–W.

United States District Court
D. Massachusetts.

Jan. 20, 1956.

Aaron H. Sibley, Boston, Mass., for plaintiff.

Francis E. Sullivan, Boston, Mass., Samuel Rosen, Boston, Mass., Richmond, Rosen & Kagan, Boston, Mass., for defendant.

WYZANSKI, District Judge. (Oral opinion dictated from bench.)

This case is now before me upon the motion of Peerless Casualty Company, filed today (to which filing the claimant, Henry B. Berkowitz, has assented and as to which it is expected that Frankini Construction Company will give an assent promptly).

Although the motion does not state on its face (and thus fails in some respects to comply with the rules) what is the ground upon which the motion is made, it seems to be agreed that the purpose of the motion is to raise the point that this suit was untimely filed.

The suit began with a complaint filed on January 26, 1955, in this court by Berkowitz as assignee of Robbins, a subcontractor utilized in connection with the contract which Frankini Construction Company had with the Government of the United States. This contract is No. DA–19–016–ENG–362. It was a contract in which Peerless Casualty gave a bond and became subject to the provisions of what is commonly called the Miller Act, to be found in Title 40 U.S.C. A. § 270a and following.

It is agreed that on December 6, 1955, the acting General Counsel of the General Accounting Office, having been specially designated to make a certificate pursuant to Section 311(e) of the Act of June 10, 1921, 42 Stat. 20 (that is the Miller Act) certified in accordance with Section 3 of the Act of August 24, 1935, 49 Stat. 793, that final settlement under Contract DA–19–016–ENG–362, dated June 29, 1950, between the United States, represented by the Contracting Officer and the contractor, Frankini Construction Company, was made September 7, 1952.

It is also agreed that Frankini, not being fully satisfied with what had been allowed by the Government, particularly in connection with extra work performed in drilling 17,500 holes for fastening of the corrugated sheet metal covering, said work having been done by a subcontractor, A. Belanger and Sons, filed a claim of extra work under the aforesaid contract. This claim was presented on January 31, 1952. It went through a series of administrative determinations. Finally the Corps of Engineers Claims and Appeals Board on February 15, 1955 (a month after suit was brought in this court) disallowed the claim.

The first point which is made in opposition to the motion is that there is no formal pleading by the surety company here raising the defense that the suit is not timely brought. As a matter of fact it is unnecessary to plead the matter affirmatively. This is not a question of the statute of limitations such as arises in an ordinary contract or like matter. There is a condition precedent imposed by the statute under which the action is brought requiring that

> "Every suit instituted under this section shall be brought in the name of the United States for the use of the person suing, * * * but no such suit shall be commenced after the expiration of one year after the date of final settlement of such contract."

It is thus incumbent upon the plaintiff or claimant in its complaint to show that it has proceeded in a timely manner. The point made by the plaintiff is without merit. If it did have merit I should allow, and I therefore do now allow, an answer to be filed by the defendant pleading specifically the point that the suit is not timely brought.

The second point made by the plaintiff is that even if the defendant procedurally has moved promptly enough to raise the defense that the suit is not timely brought, the point of timeliness is without merit since the plaintiff says the whole contract was under administrative consideration until February, 1955 and that therefore there was no final settlement until that date.

This second point is also without merit. There was a time before the recent amendments of the Miller Act when it could have been contended that there was no final settlement within the meaning of the statute until the whole of the

contract had been administratively considered by the highest administrative authority. Suits brought before such final determination were then regarded as premature. Claimants were required to await the final disposition by the administrative authorities of the claim. This was the interpretation given to the then effective statute by a decision of the Supreme Court in United States ex rel. Texas Portland Cement Co. v. McCord, 233 U.S. 157, 34 S.Ct. 550, 58 L.Ed. 893. (April 6, 1914.)

Thereafter, however, by the Act of August 24, 1935, Chapter 642, Section 3, 49 Stat. 794, 40 U.S.C.A. § 270c, Congress acted to remove this impediment to claimants. It sought to have a prompt remedy available to a subcontractor and specifically provided that once the Comptroller General or his authorized deputy had issued a certificate that the matter of a contract had been finally determined, thereafter contractors, subcontractors and like claimants could bring suit. The statutory provision to which I have referred says:

"The Comptroller General is authorized and directed to furnish, to any person making application therefor who submits an affidavit that he has supplied labor or materials for such work and payment therefor has not been made or that he is being sued on any such bond, a certified copy of such bond and the contract for which it was given, which copy shall be prima facie evidence of the contents, execution, and delivery of the original, and, in case final settlement of such contract has been made, a certified statement of the date of such settlement, which shall be conclusive as to such date upon the parties."

In the annotated copy of the United States Code there are a number of citations which make it quite plain that the statute has been interpreted so as to give full and conclusive effect to a certificate of the Comptroller General. The courts do not inquire whether there has in fact been a final settlement of a contract. And it would obviously be contrary to the interests of material men, laborers and others to have a court make such an inquiry into the validity of the Comptroller General's determination, for this would undo the very purpose which Congress had in mind when it allowed claimants to bring suit without necessarily waiting for final settlement of absolutely every claim which might be made in connection with the contract. Whenever the Comptroller General was satisfied to regard a contract as finally settled, Congress was prepared to regard it as finally settled and to allow a claimant who secured a Comptroller's certificate to proceed.

There being no merit, therefore, in the contention that the plaintiff here had to await the administrative proceeding before the Corps of Engineers Claims Appeals Board, it follows that the time within which he could sue began to run from the date fixed by the Comptroller General as the date of final settlement, to wit, September 7, 1952.

■■ The third point made by the plaintiff is that there has been a failure on the part of the principal contractor, Frankini Construction Company, to raise the issue as to whether the suit is timely brought. The suggestion is that the surety cannot raise the point of timeliness because the principal has not raised it. To this there are several answers. The quickest answer is that it is incumbent upon the plaintiff to allege and prove that he has timely brought his suit. This is the first point made in this opinion. It is a point available, in any event, to Peerless Casualty Company. Moreover, even if this were like an ordinary case involving an ordinary statute of limitations, the surety always may raise that defense, whether or not the principal, through negligence, inadvertence, collusion or otherwise, does not choose to raise it. It is a general principle of the law of principal and surety that such a defense is open to the surety.

The motion is granted, with costs, not against the United States but against the material men.