This is an action under the Alabama Surface Mining Reclamation Act of 1975, appealed from the Circuit Court of Tuscaloosa County, Alabama.
On January 12, 1981, verified complaints were filed with the Alabama Surface Mining Reclamation Commission (herein the Commission) against Hendrix Lee, Inc. (herein Hendrix), a company which had previously been engaged in surface mining in Tuscaloosa County, Alabama. The complaints alleged violations of the Alabama Surface Mining Reclamation Act of 1975 by Hendrix.
A hearing was held January 27, 1981, by a hearing examiner. Notice of the hearing was sent to appellant, Commercial Standard Insurance Company (herein Commercial), the surety on the reclamation bonds of Hendrix for the affected mined area. Commercial appeared by counsel at the hearing.
No one appeared at the hearing on behalf of Hendrix which, prior to the issuance of the complaint, had filed a Chapter 7 petition in bankruptcy court. No testimony was taken at the hearing as the examiner determined that all the facts delineated in the verified complaints were admitted by Hendrix, due to its failure to appear.
Counsel for Commercial requested the right to present evidence, subpoena witnesses, and cross examine the inspectors who filed the complaint. That request was denied. However, the examiner allowed Commercial to object on the record that its constitutional rights to due process and equal protection were being violated, and that the examiner had no jurisdiction under § 9-16-51 (a), Code of Alabama 1975.
Subsequently, the examiner issued an order stating that Hendrix, or any other party with an interest, should submit a reclamation timetable to the Commission. Failing to receive any timetables, the Commission ordered the forfeiture of the surety bonds.
Commercial appealed the order to the Jefferson County Circuit Court, pursuant to § 9-16-51 (b), Code of Alabama 1975. The case was transferred to Tuscaloosa County Circuit Court. In April 1983, the Circuit Court of Tuscaloosa County, after hearing, entered judgment in favor of the Commission. Commercial appealed.
Three issues are raised on appeal: (1) lack of proper jurisdiction under § 9-16-51 (a), Code 1975, (2) release of surety due to a material alteration of the original obligation, and (3) deprivation of Commercial's federal constitutional rights of due process and equal protection when not allowed to participate in the hearing before the Commission.
In resolving the jurisdictional issue it should be noted that the Alabama Surface Mining Reclamation Act of 1975 has been repealed by Act No. 81-435, Acts of Alabama 1981, § 38. The 1975 act is applicable in this case, however, because it was in effect at the time the cause of action occurred.
Section 9-16-51 (a) states in pertinent part that, "Complaints alleging a violation of the articles or rules or regulations of the Commission must, as a jurisdictional matter, be filed with the Commission within 90 days of the event or events giving rise to such complaint." This court has already held the section required as a jurisdictional matter that a verified complaint must be filed within ninety days. AlabamaSurface Mining Reclamation Commission v. Jolly, 373 So.2d 855
(Ala.Civ.App. 1979).
The essential language in dispute is the meaning of "event or events" which would activate the jurisdiction of the Commission to hear a complaint. In construing a statute several rules of construction are applicable. The court is to ascertain and give effect to the legislature's intent as expressed from the words of the statute. State v. Steel City Crane Rental, Inc.,345 So.2d 1371 (Ala.Civ.App. 1977). A reasonable construction is to be given as opposed *Page 1248 
to a repressive or inconvenient one. League of Women Voters v.Renfro, 292 Ala. 128, 290 So.2d 167 (1974). A statute must be considered in its entirety, and every word in it should be made effectual where possible. Alabama State Board of Health ex rel.Baxley v. Chambers County, Alabama, 335 So.2d 653 (1976). Moreover, a statute susceptible to either of two opposing interpretations must be read in the manner which effectuates rather than frustrates the major purpose of the legislative draftsman. Shapiro v. United States, 335 U.S. 1, 68 S.Ct. 1375,92 L.Ed. 1787 (1948).
The legislative intent is to provide for the safe, responsible and reasonable reclamation of lands which have been surface mined. § 9-16-32 (a), Code 1975. The legislature has delineated several objectives of this legislation, one of which is to ensure the prompt reclamation of mined surfaces. § 9-16-32 (i)(3), Code of Alabama 1975.
Two different interpretations of the language "event or events" are offered by the parties, neither of which is satisfactory. Commercial urges this court to construe the phrase as meaning a single act which would start the ninety-day period running. Under Commercial's interpretation if reclamation has not commenced within six months of the date mining began, the ninety-day period for filing a complaint begins to run. To adopt Commercial's interpretation would be unreasonable when applied to continuing and repeated violations and an extended period of operation. See League of Women Votersv. Renfro, 292 Ala. 128, 290 So.2d 167 (1976).
The Commission, on the other hand, submits that the failure to reclaim the land is a continuing act which does not abate until the land is properly reclaimed and that a complaint is timely filed if done within ninety days of any day in which the land or any part thereof remains unreclaimed. To adopt the Commission's interpretation would nullify and eliminate the limitation provision entirely. There would be a diminished incentive to press for early reclamation. There would be no end to the surety's obligation under the bond. To remove a time limit for enforcing reclamation is to encourage delay of reclamation.
While a mining operation is ongoing, the probability of reclamation is likely to be greater because of a present financial ability of the operator to finance reclamation. The incentive and the means to reclaim are likely to decline once the coal is removed and equipment moved to other and more profitable operations. A direct and tangible risk in the Commission's interpretation is the longer the land lies unreclaimed, the greater the probability of soil erosion and increased expenses for the ultimate reclamation. To permit the authority of the Commission to hear a complaint to extend over an unlimited time is to unreasonably frustrate the legislative intent of prompt reclamation of land.
Section 9-16-39 (g) states that contouring of all affected land is to be completed "within six months from the date of the completion of operations," unless prevented by an act of God or otherwise extended by the director for reasonable cause. The ninety-day period thereafter is a limitation on filing a complaint for failing to complete contouring. Thus, in order to give a reasonable interpretation to the statute and effectuate the legislative intent, we interpret the statutory words "event or events" found in Section 9-16-51 (a) as meaning that except for an act of God or extension by the director, the outer limitation for filing a complaint would be nine months after the completion of mining operations.
Though the record does not reveal the exact date mining operations ceased, it was stipulated that the Commission had been aware of Hendrix' failure to timely reclaim the land for as long as fourteen months before the complaint was filed. It was further stipulated that Hendrix was in violation of § 9-16-39, for a period substantially in excess of ninety days prior to the filing of the complaint. It thus appears that a timely complaint was not filed. *Page 1249 
Therefore no jurisdiction existed in the Commission, under the statute, to hear the complaint against Hendrix. The crucial question is whether Commercial, as surety, may claim the benefit of its principal's defense to the complaint before the Commission.
Under Alabama law, a surety may make any defense not personal to the principal, that the principal can. United StatesFidelity Guaranty Co. v. Town of Dothan, 174 Ala. 480,56 So. 953 (1911). Specifically, a surety may assert as a defense the statute of limitations available to the principal, State v.Bi-States Construction Co., 269 N.W.2d 455 (Iowa 1978), even if the principal through negligence, inadvertence, collusion, or otherwise, has not raised it. United States v. FrankiniConstruction Co., 139 F. Supp. 153 (D.Mass. 1956). See also, 72 C.J.S. Principal and Surety § 255 (1951). Thus, in this case, the surety, Commercial, could claim the benefit of Hendrix' defense of the lack of jurisdiction in the Commission to entertain the complaint against it.
We find the Commission erred in denying Commercial the right to appear and defend in place of its defaulting principal. The circuit court erred in entering judgment in favor of the Commission and by holding therein that failure to reclaim is a continuing violation with no limitation upon the filing of a complaint and hearing thereon by the Commission. For want of jurisdiction in the Commission, its orders herein are void and to no effect. Commercial is due to be discharged from its obligation as surety in the instances complained of.
In view of the issue of jurisdiction being dispositive, we pretermit discussion of other issues presented.
REVERSED AND REMANDED WITH DIRECTION.
BRADLEY and HOLMES, JJ., concur.