This is an action under the Alabama Surface Mining Reclamation Act of 1975. Although repealed by Act No. 81-435, Acts of Alabama 1981, § 38, the Alabama Surface Mining Reclamation Act of 1975 (hereinafter the Act) is applicable here because it was in effect when the cause of action occurred.
The Alabama Surface Mining Reclamation Commission (hereinafter the Commission) appeals from a summary judgment entered against it by the Circuit Court of Marion County. The summary judgment was entered in favor of Commercial Standard Insurance Company (hereinafter Commercial Standard), discharging it from liability under a bond executed pursuant to the Act by C I Coal Company and Commercial Standard.
The Commission presents two issues for review on appeal:
 "1. Does the lack of a timely administrative complaint extinguish the reclamation obligations created by the Alabama Surface Mining Reclamation Act of 1975?
 "2. Are the reclamation obligations of the Act enforceable in an action at law sounding in breach of contract?"
Issue No. 1 has already been answered affirmatively inCommercial Standard Insurance *Page 620 Company v. Alabama Surface Mining Reclamation Commission,443 So.2d 1245 (Ala.Civ.App. 1983) (failure to file verified complaint within statutory time period deprives Commission of jurisdiction over principal, thereby relieving surety from obligation on bond), cert. denied, ___ U.S. ___,104 S.Ct. 3514, 82 L.Ed.2d 822 (1984). (The facts in this case are virtually identical to the facts in that case.)
Issue No. 2 appears to be an attempt to raise issue No. 1 in another fashion in order to circumvent the holding in the original Commercial Standard case. The Commission argues that the liability of the operator and the surety under the bond are not extinguished until reclamation is complete. The Commission contends that the bond obligations under the Act are enforceable by an action for breach of contract, which is a separate and distinct remedy from any verified complaint filed under § 9-16-51, Code of Alabama 1975, and therefore not subject to the ninety-day limitation of § 9-16-51.
The argument advanced by the Commission is essentially the same "continuing violation" theory rejected by this court inCommercial Standard. The bond itself is governed by the law pursuant to which it is written. If there is no obligation of the principal because of a lack of jurisdiction due to failure to timely file a verified complaint, the surety is discharged from liability on the bond. Commercial Standard, supra. The following language from Commercial Standard remains determinative:
 "Under Alabama law, a surety may make any defense not personal to the principal, that the principal can. United States Fidelity Guaranty Co. v. Town of Dothan, 174 Ala. 480, 56 So. 953 (1911). Specifically a surety may assert as a defense the statute of limitations available to the principal, State v. Bi-States Construction Co., 269 N.W.2d 455 (Iowa 1978), even if the principal through negligence, inadvertence, collusion, or otherwise, has not raised it. United States v. Frankini Construction Co., 139 F. Supp. 153 (D.Mass. 1956). See also, 72 C.J.S. Principal and Surety § 255 (1951). Thus, in this case, the surety, Commercial, could claim the benefit of Hendrix' defense of the lack of jurisdiction in the Commission to entertain the complaint against it."
443 So.2d at 1249.
When the statutory jurisdiction requirements for bringing an action under the Act are not met, the principal (and therefore the surety) is relieved from liability to reclaim. The purpose of the Act is to insure prompt reclamation, and allowing the Commission to pursue an action after it waited fourteen months from obvious cessation of operations would frustrate that purpose. See Commercial Standard, supra. As the facts in this case have been stipulated, there is no material issue of fact. Therefore, on the basis of our previous holding in CommercialStandard, the insurance company was entitled to summary judgment as a matter of law. Whether or not the ninety-day limitation upon the bringing of the complaint by the Commission is good policy is for the legislature. This court only construes and applies the statutes as enacted. Therefore, the order of the trial court is affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.