On April 21, 2004, the Housing Authority of the City of Huntsville ("the Housing Authority") sued Hartford Accident and Indemnity Company ("Hartford"), alleging that Consolidated Construction Company ("Consolidated"), for whom Hartford had issued a performance bond, had improperly installed fire-alarm systems at a residential *Page 578 
facility operated by the Housing Authority. The complaint sought to enforce Hartford's obligations under the performance bond and demanded a judgment against Hartford "for compensatory damages in such amount as a jury may determine, plus interest and the costs of this action." Hartford filed a motion for a summary judgment, which the trial court granted on February 15, 2005. The Housing Authority appeals. We affirm.
 Facts and Procedural History
Hartford issued a performance bond in favor of Consolidated, the general contractor for the renovation of the Housing Authority's premises. It is undisputed that Consolidated substantially completed its work at the premises on May 1, 1999, and that the Housing Authority discovered defects in the fire-alarm systems within one year of the completion date. Finally, it is undisputed that the Housing Authority did not file any action against Consolidated or Hartford for damages associated with Consolidated's work at the premises within the applicable two-year statutory limitations period. The Housing Authority filed this action on April 21, 2004, almost five years after Consolidated had completed its work, seeking to enforce Hartford's obligations under the performance bond. Consolidated was not made a party in this case.
The trial court, in its summary-judgment order, held:
 "Under the applicable statute of limitations, all civil claims, whether in tort or contract, against an architect, engineer or contractor must be commenced within two (2) years `next after a cause of action accrues or arises, and not thereafter.' Ala. Code [1975,] § 6-5-221(a). . . .
 "It is not disputed that the foregoing statute of limitations applies to any action against Consolidated, as a contractor for the [Housing] Authority project. It is also undisputed that the [Housing Authority] failed to commence an action against Consolidated within the period of time required by Ala. Code [1975,] §§ 6-5-220(e) and 6-5-221(a).
 "Under Alabama law, a surety may make any defense not personal to the principal that the principal can. More specifically, a surety may assert as a defense the statute of limitations available to the principal even if the principal through negligence, inadvertence, collusion, or otherwise, has not raised it. Alabama Surface Mining Reclamation Comm'n v. Commercial Standard Ins. Co., 469 So.2d 619, 620
(Ala.Civ.App. 1985) (citing Commercial Standard Ins. Co. v. Alabama Surface Mining Reclamation Comm'n, 443 So.2d 1245, 1249 (Ala.Civ.App. 1983), cert. denied, 467 U.S. 1242 (1984)).
 "Because the [Housing Authority] failed to commence an action against Consolidated within two years following its discovery of the alleged deficiencies in the fire alarm system, and because Hartford, as surety, is entitled to assert the benefit of all defenses available to its principal, all claims against Hartford, as surety, are time-barred."
 Standard of Review
In Smith v. State Farm Mutual Automobile InsuranceCo., 952 So.2d 342, 346 (Ala. 2006), this Court stated the applicable standard of review governing an appeal from a trial court's ruling on a summary-judgment motion:
 "We review the trial court's grant or denial of a summary-judgment motion de novo, and we use the same standard used by the trial court to determine whether the evidence presented to the trial court presents a genuine issue of material fact. Bockman v. WCH, *Page 579 L.L.C., 943 So.2d 789 (Ala. 2006). Once the summary-judgment movant shows there is no genuine issue of material fact, the nonmovant must then present substantial evidence creating a genuine issue of material fact. Id. `We view the evidence in the light most favorable to the nonmovant.' 943 So.2d at 795. We review questions of law de novo. Davis v. Hanson Aggregates Southeast, Inc., 952 So.2d 330 (Ala. 2006)."
 Discussion
The Housing Authority presents one issue on appeal: Whether Hartford can assert as a defense the two-year statute of limitations found at § 6-5-221, Ala. Code 1975. The Housing Authority alleges that the two-year statute of limitations asserted by Hartford under § 6 — 5 — 221, Ala. Code 1975, applies only to the builder, i.e., Consolidated, and to certain other design professionals. The Housing Authority argues that all other parties, including sureties, are excluded from asserting the two-year statute of limitations.
The statute of limitations in the present case is found at § 6-5-221, Ala. Code 1975; that statute reads, in part:
 "(a) All civil actions in tort, contract, or otherwise against any architect or engineer performing or furnishing the design, planning, specifications, testing, supervision, administration, or observation of any construction of any improvement on or to real property, or against builders who constructed, or performed or managed the construction of, an improvement on or to real property designed by and constructed under the supervision, administration, or observation of an architect or engineer, or designed by and constructed in accordance with the plans and specifications prepared by an architect or engineer, for the recovery of damages for:
 "(i) Any defect or deficiency in the design, planning, specifications, testing, supervision, administration, or observation of the construction of any such improvement, or any defect or deficiency in the construction of any such improvement; or
 "(ii) Damage to real or personal property caused by any such defect or deficiency; or
 "(iii) Injury to or wrongful death of a person caused by any such defect or deficiency;
 "shall be commenced within two years next after a cause of action accrues or arises, and not thereafter. Notwithstanding the foregoing, no relief can be granted on any cause of action which accrues or would have accrued more than thirteen years after the substantial completion of construction of the improvement on or to the real property, and any right of action which accrues or would have accrued more than thirteen years thereafter is barred, except where prior to the expiration of such thirteen-year period, the architect, engineer, or builder had actual knowledge that such defect or deficiency exists and failed to disclose such defect or deficiency to the person with whom the architect, engineer, or builder contracted to perform such service.
 "(b) This section shall apply to any civil action commenced against an architect, engineer, or builder as defined in this article, whether for his or her own act or omission or failure to act, for the act or omission or failure to act of his or her agents or employees, or for the act or omission or failure to act of any person or entity, its agents, or employees, who are acting under the instructions, control, or supervision of the architect, engineer, or builder." *Page 580 
 The Housing Authority argues that § 6-5-221 does not apply in this case because Hartford is not an "architect, engineer, or builder." Hartford argues, on the other hand, that, as a surety, it may, under the common law, assert as a defense the statute of limitations available to its principal, Consolidated. The trial court relied on Alabama Surface Mining Reclamation Commission v. Commercial Standard Insurance Co., 469 So.2d 619 (Ala.Civ.App. 1985), in deciding that Hartford could assert the same statute-of-limitations defense available to Consolidated. In Alabama Surface Mining, the Alabama Surface Mining Reclamation Commission sued a surety under a bond executed pursuant to the Surface Mining Reclamation Act. That Act required that complaints alleging violations of Commission regulations "must, as a jurisdictional matter, be filed with the Commission within 90 days of the event or events giving rise to such complaint." Commercial Standard Ins. Co. v. Alabama Surface Mining Reclamation Comm'n, 443 So.2d 1245, 1247
(Ala.Civ.App. 1983). The Commission argued that the liability of the operator and the surety under the bond is not extinguished until reclamation is complete. The Commission further contended that the bond obligations under the Act are enforceable by a breach-of-contract action, which is a separate and distinct remedy from a verified complaint filed under the Act and, thus, not subject to the 90-day limitations period of the Act. The Court of Civil Appeals affirmed the trial court's summary judgment in favor of the surety, discharging it from liability under the bond. Specifically, the Court of Civil Appeals held:
 "The following language from Commercial Standard [Insurance Co. v. Alabama Surface Mining Reclamation Commission, 443 So.2d 1245 (Ala.Civ.App. 1983),] remains determinative:
 "`Under Alabama law, a surety may make any defense not personal to the principal, that the principal can. United States Fidelity Guaranty Co. v. Town of Dothan, 174 Ala. 480, 56 So. 953 (1911). Specifically a surety may assert as a defense the statute of limitations available to the principal, State v. Bi-States Construction Co., 269 N.W.2d 455 (Iowa 1978), even if the principal through negligence, inadvertence, collusion, or otherwise, has not raised it. United States v. Frankini Construction Co., 139 F.Supp. 153 (D.Mass.1956). See also, 72 C.J.S. Principal and Surety § 255 (1951). Thus, in this case, the surety, Commercial, could claim the benefit of Hendrix'[s] defense of the lack of jurisdiction in the Commission to entertain the complaint against it.'
 "443 So.2d at 1249."
Alabama Surface Mining, 469 So.2d at 620.
The Housing Authority has not asked this Court to overrule the express holdings in Alabama Surface Mining andCommercial Standard. We acknowledge that there is a conflict of authority as to whether a surety may assert as a defense the statute of limitations available to the principal.
Some jurisdictions agree with Alabama Surface Mining
and hold that the expiration of the statutory limitations period against the principal obligor discharges the secondary obligor. See Lawyers Surety Corp. v. Texas, 825 S.W.2d 802
(Tex.App. 1992) (holding that the surety is bound by the obligation of the principal and the surety's liability depends upon the principal's liability and, thus, the three-year statute of limitations for the initiation of a suit for unpaid gas and diesel fuel taxes applied to a collection action by the state against the surety on a tax bond); State v. *Page 581 Bi-States Constr. Co., 269 N.W.2d 455, 457 (Iowa 1978) (holding that "a surety may assert as a defense the statute of limitations available to the principal"). But seeBloom v. Bender, 48 Cal.2d 793, 798, 313 P.2d 568, 571
(1957) (holding that the obligation of the surety remains, notwithstanding the fact that the statute of limitations has run on the obligation of the surety's principal).
We adhere to the rule that a surety may assert as a defense the statute of limitations available to the principal. We thus hold that, in the present case, Hartford, as a surety for Consolidated, may assert the defenses available to Consolidated, including the statute-of-limitations defense.
We note that this holding is in accordance withRestatement (Third) of Surety-ship Guaranty § 43 (1996), which states:
 "[I]f the obligee fails to institute action against the secondary obligor on the secondary obligation until after the obligee's action against the principal obligor on the underlying obligation is barred by the running of the statute of limitations as to that action, the secondary obligor's rights and duties with respect to the principal obligor and the obligee are the same as if, on the day that the statute of limitations expired, the obligee had released the principal obligor from its duties pursuant to the underlying obligation without preserving the secondary obligor's recourse against the principal obligor. Accordingly, the principal obligor is discharged from duties to the secondary obligor . . ., and the secondary obligor is discharged from duties to the obligee. . . ."
The Housing Authority relies on several cases in support of its contention that a surety cannot assert the statute-of-limitations defense available to its principal. However, all of the cases it cites are distinguishable. The Housing Authority argues that under Burkes Mechanical, Inc.v. Ft. James-Pennington, Inc., 908 So.2d 905 (Ala. 2004), Hartford cannot claim the benefit of the statute of limitations set out in § 6-5-221. In Burkes Mechanical, a party alleged that it met the definition of a "builder" under §6-5-221; however, this Court analyzed that claim and held otherwise. In the present case, Hartford does not make any allegation that it satisfies the statutory definition of a builder; thus Burkes Mechanical does not apply. The Housing Authority also cites City of Birmingham v. CochraneRoofing Metal Co., 547 So.2d 1159 (Ala. 1989), for the proposition that a surety's obligation may be subject to a longer statute of limitations than that of the principal. However, the surety in Cochrane Roofing was not even a party to the action, and this Court did not discuss the viability of the argument that a surety may assert a statute-of-limitations defense that is available to the principal. Finally, the Housing Authority cites Ex parteWater Works Board of Gulf Shores, 508 So.2d 242 (Ala. 1987), which holds that an injured party may proceed against a surety without first exhausting all of its remedies against the principal. It is unclear how this holding applies to the present situation. That holding says nothing about a surety's ability to assert the statute-of-limitations defense available to its principal, and Hartford has not made any allegation that the Housing Authority must exhaust all remedies against the principal before the Housing Authority may proceed against Hartford. Therefore, Ex parte Water Works has no application to the present situation.
The trial court's holding that Hartford, as a surety, may assert the same statute-of-limitations defense that its principal may assert is in conformity with the prior *Page 582 
controlling decisions of Commercial Standard andAlabama Surface Mining and with the Restatement(Third) of Surety-ship Guaranty and the rule expressed in other jurisdictions.
The Housing Authority alleges that, even if the common law allows a surety to assert a statute-of-limitations defense available to its principal, § 6-5-228 expressly excludes a surety from asserting the two-year limitations period available under § 6-5-221. Therefore, the Housing Authority argues, the six-year statute of limitations applicable to contract actions should apply to Hartford. However, while it appears that the two-year limitations period does not expressly apply to a surety, the statute does not limit the application of any existing common-law doctrine.
Section 6-5-228, Ala. Code 1975, provides:
 "Nothing contained in this article shall be construed as affecting any period of limitation for any cause of action arising out of or relating to the sale or disposition of real estate, or against any person other than architects, engineers and builders as defined in this article."
It is well-settled law in this State that the interpretation of a statute begins with the plain language of the statute itself. Ex parte Achenbach, 783 So.2d 4 (Ala. 2000). In this case, the statute is silent with regard to the common-law doctrine that allows a surety to assert the defenses that are available to its principal. The common-law doctrine allowing a surety to assert all defenses available to its principal was in existence when § 6-5-221 was enacted. The legislature could have expressly limited that doctrine if it desired to do so, but it chose not to. See Ex parte Bozeman, 781 So.2d 165,169 (Ala. 2000) (holding that "the Alabama Legislature could have stepped beyond the confines of the text of the compact and included limitations in the statute expressly allowing `technical' violations to occur. However, it, like Congress, did not do so. This Court will not interject its interpretation of what the Legislature should have done.").
Contrary to the Housing Authority's allegation, the plain language of the statute does not compel the conclusion that the legislature in § 6-5-221 expressly limited the common-law doctrine that allows a surety to assert the defenses that are available to its principal. On its face, the statute applies only to "architects, engineers and builders,"[1] and it expressly states that all other periods of limitation for any cause of action against any other party are unaffected by the statute. The statute simply does not apply to Hartford, who is a surety and not an architect, engineer, or builder. The statute neither expands nor limits defenses available to Hartford; instead, it has no effect on Hartford at all. If, under the common law, a surety may assert the statute of limitations available to its principal, then, according to § 6-5-228, that common-law rule is unaffected by § 6-5-221. Therefore, Hartford may assert the limitations period available to its principal, whatever that period may be. To hold that §6-5-221 does not allow Hartford to assert a statute-of-limitations defense that is available to its principal, even though Hartford could otherwise do so, would be to do exactly the opposite of what § 6-5-228 commands, because such a construction of the statute would directly affect a period of limitation for a cause of action against a person other than an architect, engineer, or builder.
 Conclusion
In Alabama, a surety may assert the statute of limitations available to its principal; *Page 583 
this ability is unaffected by § 6-5-221, Ala. Code 1975. The material facts in the present case are undisputed, and the Housing Authority has failed to show, as a matter of law, that the trial court's judgment was erroneous. The trial court's summary judgment in favor of Hartford is affirmed.
AFFIRMED.
NABERS, C.J., and SEE, LYONS, HARWOOD, WOODALL, STUART, BOLIN, and PARKER, JJ., concur.
[1] It is undisputed that Hartford is not an architect, engineer, or builder for purposes of § 6-5-221. See §6-5-220(a)-(c), Ala. Code 1975.